1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8
9
10
11

United States District Court
Northern District of California

DANIEL LUNA,

             Plaintiff,

     v.

MARVELL TECHNOLOGY GROUP LTD, et al.,

             Defendants.

12
13
14
15
16

Case No.  15-cv-05447-RMW

**ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Re: Dkt. No. 33, 45

17
18
19
20
21

     In this securities action, plaintiff Plumbers and Pipefitters National Pension Fund has moved for appointment to serve as lead plaintiff and for approval of its selection of Robbins Geller Rudman & Dowd LLP as lead counsel. Dkt. Nos. 33, 45. Plumbers & Pipefitters' motion is unopposed. Pursuant to Civil Local Rule 7-1(b), the court finds the motion appropriate for determination without oral argument. The court grants Plumbers & Pipefitters' motion.

22

**I.     BACKGROUND**

23
24
25
26
27

     On September 11, 2015, plaintiff Daniel Luna filed suit in the Southern District of New York, alleging that defendants Marvell Technology Group, Ltd., Sehat Sutardja, Michael Sashkin, and Sukhi Nagesh violated federal securities laws. Dkt. No. 1. This case was consolidated with two similar actions on November 3, 2015. Dkt. No. 8. On November 10, 2015, Plumbers & Pipefitters filed a motion for appointment as lead plaintiff and for approval of its selection of lead

1

28

1    counsel. Dkt. Nos. 17. Four other parties also moved for appointment as plaintiff. Dkt. Nos. 11,

2    14, 20, 23.

3         The case was transferred from the Southern District of New York to the Northern District

4    of California on November 27, 2015. Dkt. No. 30. On December 4, 2015, Plumbers & Pipefitters

5    re-noticed its motion for appointment as lead plaintiff in the Northern District of California. Dkt.

6    No. 33. Two motions for appointment as lead plaintiff were withdrawn. Dkt. Nos. 29, 37. The

7    other two motions were not re-noticed.

8         This case was related to *Saratoga Advantage Trust Technology & Communications*

9    *Portfolio v. Marvell Technology Group, Ltd. et al*, No. 5:15-cv-04881-RMW and transferred to

10   this court on December 22, 2015. Dkt. No. 41. On December 28, 2015, Plumbers & Pipefitters re-

11   noticed its motion for hearing on January 29, 2016. Dkt. No. 45. There are no competing motions

12   for appointment as lead counsel pending, and Plumbers & Pipefitters' motion is unopposed.

## II.    ANALYSIS

13        Under the Private Securities Litigation Reform Act, the court must appoint "the member or

14   members of the purported plaintiff class that the court determines to be most capable of adequately

15   representing the interests of class members" as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). "The

16   Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these

17   criteria." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)

18        First, the pendency of the action, the claims made, and the purported class period must be

19   publicized in a "widely circulated national business-oriented publication or wire service" within

20   20 days of the filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must advise

21   members of the purported class that "any member of the purported class may move the court to

22   serve as lead plaintiff of the purported class" within 60 days of the notice. 15 U.S.C. § 78u-

23   4(a)(3)(A)(i)(II).

24        Second, the court must identify the presumptive lead plaintiff. To do so, the court "must

25   compare the financial stakes of the various plaintiffs and determine which one has the most to gain

26   from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that

27

28   15-cv-05447-RMW
     ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
     OF COUNSEL
     FC

United States District Court
Northern District of California

individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id.* If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Third, other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.

### A.     Procedural Requirements

On September 11, 2015, the same day the complaint was filed, a notice of the pendency of this action was published on *Business Wire*. *See* Dkt. No. 45-2 at 5-6. This noticed identified the claims asserted in the action, as well as the purported class period. *See* 15 U.S.C. § 78u–4(a)(3)(A). It also advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff. *See id.* Plumbers & Pipefitters filed is motion within 60 days of the publication of the notice. Dkt. No. 17. Therefore, the statutory procedural requirements are met.

### B.     Presumptive Lead Plaintiff

#### 1.     Financial Interest

The Court must next determine whether Plumbers & Pipefitters qualifies as the most adequate plaintiff. To make this determination, the Court must first consider Plumbers & Pipefitters' financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730. Plumbers & Pipefitters has submitted a chart that summarizes its transactions involving Marvell shares. *See* Dkt. No. 45-2 at 2. This chart shows an estimated total loss of $1,167,268.83. Dkt. No. 45-2 at 8.

Because Plumbers & Pipefitters was the only movant for appointment as lead counsel and the motion is unopposed, Plumbers & Pipefitters is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) (quoting *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y.2005)

15-cv-05447-RMW
ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
FC

United States District Court
Northern District of California

1   ("Without access to financial information from other parties, the Court is constrained to conclude

2   that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.")).

3               **2.      Rule 23 Requirements**

4          Having determined that Plumbers & Pipefitters is the prospective lead plaintiff, the court

5   must next consider whether Plumbers & Pipefitters satisfies the typicality and adequacy

6   requirements of Rule 23(a).[1] In making this determination, the court "must rely on the

7   presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test

8   the substance of those claims." *Cavanaugh*, 306 F.3d at 730. As such, Plumbers & Pipefitters need

9   only make a prima facie showing that it satisfies the Rule 23 requirements of typicality and

10  adequacy. *See id.* at 731.

11         In determining whether typicality is satisfied, a Court inquires "whether other members

12  have the same or similar injury, whether the action is based on conduct which is not unique to the

13  named plaintiffs, and whether other class members have been injured by the same course of

14  conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted).

15  Plumbers & Pipefitters alleges that it has been injured by the same course of conduct in that it

16  purchased Marvell stock during the relevant time period, was adversely affect by defendants' false

17  and misleading statements, and suffered damages as a result. *See* Dkt. No. 45-2 at 10-12; Dkt. No.

18  45-1 at 6.

19         The test for adequacy asks whether the class representative and his counsel "have any

20  conflicts of interest with other class members" and whether the class representative and his

21  counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327

22  F.3d 938, 957 (9th Cir. 2003). There is no indication of conflicts between Plumbers & Pipefitters

23

24  [1] Federal Rule of Civil Procedure 23(a) sets forth four requirements for class certification: (1)
    numerosity, (2) commonality, (3) typicality, and (4) adequacy. "At the appointment of lead
25  plaintiff stage, courts need only consider typicality and adequacy, as the failure to satisfy
    numerosity or commonality would preclude certifying a class action at all." *Welgus v. Trinet Grp.,*
26  *Inc.*, No. 15-CV-03625-BLF, 2015 WL 7770222, at *2 n.1 (N.D. Cal. Dec. 3, 2015) (citing
    *Cavanaugh*, 306 F.3d at 730 n.5.).

27
                                                4
28  15-cv-05447-RMW
    ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
    OF COUNSEL
    FC

United States District Court
Northern District of California

United States District Court
Northern District of California

1    and other class members, nor is there any indication that will not prosecute the action vigorously

2    on behalf of the class. Moreover, Plumbers & Pipefitters' "diligence in seeking appointment as

3    lead plaintiff" suggests that it will prosecute this action vigorously." *Welgus*, 2015 WL 7770222,

4    at *3 (N.D. Cal. Dec. 3, 2015).

5    ### C.    Opportunity for Rebuttal

6    Because it has the greatest financial stake and satisfies the Rule 23(a) requirements,

7    Plumbers & Pipefitters is presumptively the most adequate plaintiff to represent the class. This

8    presumption may be rebutted only upon proof by a member of the purported plaintiff class that

9    Plumbers & Pipefitters either (1) "will not fairly and adequately protect the interests of the class,"

10   or (2) "is subject to unique defenses that render [it] incapable of adequately representing the

11   class." 15 U.S.C. § 78u–4(a)(3)(3)(B)(iii)(II). No purported class member has come forward with

12   such rebuttal evidence.

13   ### D.    Lead Counsel

14   Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and

15   retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should

16   not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."

17   *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted); *see also*

18   *Cavanaugh*, 306 F.3d at 734 n.14 (confirming that choice of counsel belongs to lead plaintiff).

19   "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally

20   defer to that choice." *Cohen*, 586 F.3d at 712 (citations omitted).

21   Plumbers & Pipefitters has chosen the law firm of Robbins Geller Rudman & Dowd LLP.

22   No parties have objected to Robbins Geller. The Court has reviewed the firm's resume. *See* Dkt.

23   Nos. 45-3:6. The court is satisfied that the lead plaintiff has made a reasonable choice of counsel.

24   ## III.    CONCLUSION

25   For these reasons, the court appoints Plumbers & Pipefitters as lead plaintiff and approves

26   the Plumbers & Pipefitters' selection of Robbins Geller Rudman & Dowd LLP as lead counsel.

27

28   15-cv-05447-RMW
     ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
     OF COUNSEL
     FC

1          **IT IS SO ORDERED.**

2     Dated: February 8, 2016

3                                                    _Ronald M. Whyte_

                                                     Ronald M. Whyte
4                                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                6
28    15-cv-05447-RMW
      ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
      OF COUNSEL
      FC

United States District Court
Northern District of California