QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harry A. Olivar, Jr. (Bar No. 143089)
  harryolivar@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
  valerieroddy@quinnemanuel.com
  Jason F. Lake (Bar No. 254147)
  jasonlake@quinnemanuel.com
  Alyssa L. Greenberg (Bar No. 305705)
  alygreenberg@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant*
*Marvell Technology Group, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL LUNA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARVELL TECHNOLOGY GROUP, LTD., et al.,<br><br>Defendants. | CASE NO. 3:15-cv-05447-WHA<br><br>(Consolidated)<br><br><u>CLASS ACTION</u><br><br>DEFENDANT MARVELL TECHNOLOGY GROUP, LTD.'S OPPOSITION TO LEAD PLAINTIFF PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION TO COMPEL DOCUMENTS CONCERNING MARVELL'S AUDIT COMMITTEE INVESTIGATION (Dkt. No. 169)<br><br>DATE: September 21, 2017<br>TIME: 8:00 a.m.<br>CTRM: 8, 19th Floor<br>JUDGE: Hon. William Alsup |

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Marvell Technology Group, Ltd. ("Marvell") has waived its attorney-client privileges and/or work product protection with respect to documents (in the possession of Marvell's Audit Committee counsel, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), or otherwise) related to the investigation by its Audit Committee given that Marvell is not "relying" on the Audit Committee's investigation or March 2016 conclusions as a defense.

2. Whether the [Proposed] Order accompanying Plaintiff's Motion to Compel ("Motion") inappropriately includes relief that goes beyond the discrete privilege disputes Plaintiff has put at issue in the motion, extending to broad categories of documents that are not the subject of any current dispute, that were not discussed in any meet and confer, that are not identified in Plaintiff's memorandum, and that are either the subject of a search-term agreement between Plaintiff and Marvell or are the subject of subpoenas Plaintiff has served on non-party accounting firms that Plaintiff did not serve with its Motion.

## STATEMENT OF THE RELEVANT FACTS

Plaintiff's Motion puts at issue discrete categories of documents in the possession of Sheppard Mullin and Sheppard Mullin's retained consultant KPMG US LLP ("KPMG"): 1) Sheppard Mullin's internal witness interview memoranda and 2) KPMG work product overseen by Sheppard Mullin attorneys as part of the investigation. *See* Motion (Dkt. No. 169) at 1. Sheppard Mullin is filing an opposition defending its objections to the production of these materials on privilege and work product grounds.

Marvell is filing this short, separate opposition to correct statements Plaintiff makes about Marvell's litigation positions and to address unsupported relief sought in Plaintiff's [Proposed] Order, which purports to order Marvell (and others) to produce a variety of materials not even at issue in the Motion. To Marvell's knowledge, apart from the discrete issues of privilege and work product that Sheppard Mullin is addressing, there is no current discovery dispute between Plaintiff and Marvell: Marvell has produced its entire two million page Securities & Exchange Commission ("SEC") production to Plaintiff, has produced nearly fifteen thousand additional pages of documents as part of its initial disclosures and a supplemental production, and is working

to make an expedited, further supplemental production of emails and other electronic documents that hit on search terms to which Plaintiff has agreed. *See* Declaration of Harry A. Olivar, Jr. ("Olivar Decl.") ¶¶ 2, 3. Plaintiff and Marvell have no current discovery disputes regarding the above. *Id.* ¶ 4.

As set forth below: (1) Plaintiff's contention that Marvell is "relying" on its Audit Committee's March 2016 conclusions as a defense, thereby waiving privilege and attorney work product protections, is incorrect; and (2) Plaintiff's [Proposed] Order includes requests for inappropriate relief not properly put at issue in this Motion, and not the subject of any current dispute, briefing, or meet and confer discussions.

## ARGUMENT

### I. MARVELL HAS NOT WAIVED ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT PROTECTION BECAUSE IT IS NOT RELYING ON ITS AUDIT COMMITTEE'S MARCH 2016 CONCLUSIONS AS A DEFENSE

The claims that remain in this case relate to so-called "pull-in" transactions. *See* May 17, 2017 Order (Dkt. No. 138) at 2 n.2. Plaintiff maintains that Marvell made "false and/or misleading statements and/or omissions of material information" by "prematurely recognizing revenue that should have been earned and recognized in the subsequent period." Consolidated Amended Class Action Complaint (Dkt. No. 104) at ¶ 3. These pull-in-related claims involve three Marvell fiscal quarters that ended November 1, 2014, January 31, 2015, and May 2, 2015, *see* Dkt. No. 104 at ¶¶ 30, 44, 60. Whether any material amount of revenue was "prematurely recognized," and whether any material misstatements were made with scienter, will be supported by documents from that time period.

The after-the-fact Audit Committee investigation, which began in August 2015, covered a variety of issues, some of which relate to the claims here; the Audit Committee's conclusions were publicly disclosed months later, on March 1, 2016. *See* Dkt. No. 138 at 2, 3. The Audit Committee investigation and its conclusions obviously will not serve as a "defense"; Marvell's defense is based on the contemporaneous evidence. As the Order on the initial motions to dismiss stated, what a Marvell committee concluded after the fact is not dispositive, *see* October

12, 2016 Order (Dkt. No. 98) at 20, 21; proof will necessarily focus on contemporaneous evidence regarding scienter and the other elements of Plaintiff's claims.

Contrary to Plaintiff's claim that "Marvell and its former CEO have affirmatively raised the findings of Marvell's Audit Committee as a defense to Plaintiff's claims," Dkt. No. 169 at 2, Marvell has not affirmatively relied on the Audit Committee's findings, nor does it plan to going forward. As noted, whether Plaintiff can show a material misstatement, and scienter, regarding the periods in question will depend on evidence from those periods.

Marvell cited to Audit Committee findings at the pleading stage merely to address an incomplete presentation of the Audit Committee findings *by Plaintiff*, and to show how unlikely it is that Plaintiff will ever be able to show scienter. *See e.g.*, Marvell's Motion to Dismiss (Dkt. No. 116) at 11-12 ("The Amended Complaint relies almost entirely on Marvell's Audit Committee findings, but the Audit Committee concluded there was no fraudulent activity, that Marvell's disclosures about revenues were not misleading, that revenue for most pull-in transactions was properly recognized . . . , and that there was no lack of validity in the underlying transactions."). Marvell also asked Plaintiff about familiarity with the Audit Committee findings to test adequacy at the class certification stage. *See* Olivar Decl. ¶ 7, Ex. 1 at 90:10-15, 110:15-113:25. Obviously, absent an attempt by Plaintiff to present, in a misleading fashion, portions of what the Audit Committee found, there is no reason for Marvell to present the Audit Committee's findings in addressing the merits; committee findings months after the events in question do not constitute a "defense."

In one of the cases Plaintiff has cited, the court upheld claims of attorney-client and work product protections over documents related to an investigation conducted by the defendant's outside counsel "[b]ased on [defense counsel's] representation that [the] defendant [would] not rely on the investigation" as a defense. *McIntyre v. Main St. & Main Inc.*, No. C-99-5328 MJJ (EDL), 2000 U.S. Dist. LEXIS 19617, at *11 (N.D. Cal. Sep. 29, 2000). The same applies here: Marvell does not intend to use the Audit Committee's conclusions as a defense (although of course the conclusions must be presented in full if Plaintiff chooses to rely on them).

Finally, unlike in the cases Plaintiff cites, the adequacy of Marvell's Audit Committee's or its counsel's investigation is not at issue in this case and is not the basis of any of Plaintiff's fraud allegations. *See, e.g.*, *Oracle Am., Inc. v. Innovative Tech. Distributors, LLC*, No. 11-CV-01043-LHK, 2011 WL 2559825, at *1 (N.D. Cal. June 28, 2011) (privilege was waived when litigant affirmatively challenged the performance of counsel); *Walker v. Cty. of Contra Costa*, 227 F.R.D. 529, 532, 535 (N.D. Cal. 2005) (privilege is waived when litigants affirmatively assert that an investigation into discrimination claims was adequate "to avoid or limit their liability"); *McIntyre*, 2000 U.S. Dist. LEXIS 19617, at *9 (privilege would be waived if Defendant were affirmatively relying on an investigation to support a claim that "it took prompt remedial action"). Because Marvell is not using the Audit Committee findings as a "sword," there is no waiver of the attorney-client or work product protections.

## II. PLAINTIFF'S PROPOSED ORDER SEEKS INAPPROPRIATE RELIEF, PURPORTING TO COMPEL MARVELL AND A NUMBER OF PARTIES NOT BEFORE THE COURT TO PRODUCE CATEGORIES OF DOCUMENTS NOT PUT AT ISSUE, AND THAT ARE NOT THE SUBJECT OF ANY CURRENT DISPUTE, BRIEFING, OR MEET AND CONFER DISCUSSIONS.

Plaintiff's legal argument and its [Proposed] Order are like ships passing in the night: the Motion addresses discrete privilege and work product issues as to which Plaintiff met and conferred with Marvell's counsel and Sheppard Mullin, and that Sheppard Mullin is addressing in its opposition papers. The [Proposed] Order, by contrast, purports to require production of a host of broad categories of documents not put at issue and not supported by any briefing. These include:

- "all accounting work papers" and all "other documents" prepared by two Big-Four accounting firms that are not before the Court and were not even served with the Motion;
- "all documents produced [by unspecified parties]" to the SEC or Department of Justice ("DOJ") (as to Marvell, this has already been ordered and the documents were provided to Plaintiff on June 14);

- "all documents . . . shown to . . . PwC or Deloitte [Marvell's two outside auditors]," an impossibly overbroad request that is not the subject of any current dispute between Plaintiff and Marvell; and

- "all documents relating to the identification or remediation of weaknesses in internal controls," another impossibly broad request that is not the subject of any current dispute between Plaintiff and Marvell.

[Proposed] Order (Dkt. No. 169-4) at 1.

In discussions with Marvell, Plaintiff's counsel provided assurances that this Motion is intended to address only the privilege issues regarding the Audit Committee investigation and Sheppard Mullin that are the subject of the briefing. *See* Olivar Decl. ¶ 5. Nonetheless, to protect itself (and outside accounting firms not served with the Motion), Marvell objects to the inappropriate provisions of Plaintiff's [Proposed] Order.

It should go without saying that a properly presented discovery dispute must (i) be an actual dispute; (ii) be the subject of meet and confer discussions; (iii) be addressed by briefing and argument in the motion papers; and (iv) be directed at parties or non-parties served with the motion papers. *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *Quiroz v. Cate*, 2012 U.S. Dist. LEXIS 109949, *17 (N.D. Cal. Aug. 2, 2012) ("Plaintiff is advised that he must meet and confer about every discovery response he wants to compel before moving to compel the response."); N.D. Cal. Local Rule 37(1)(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."). Sections (4) through (6) of Plaintiff's [Proposed] Order fail the first three, and in most cases all four, of these requirements:

- Section (4) of the [Proposed] Order seeks work papers and "other documents prepared by" Marvell's non-party audit firms: Deloitte & Touche LLP ("Deloitte") and PricewaterhouseCoopers LLP ("PwC"). Dkt. No. 169-4 at 1. Plaintiff served

subpoenas on these non-parties, requesting that PwC and Deloitte produce, among other things, "[a]ll audit documentation and the complete sets of workpapers concerning any professional services performed by you for Marvell Technology Group, Ltd." *See* Olivar Decl. ¶ 8, Ex. 2. Both PwC and Deloitte have made document productions, Marvell is not aware of any meet and confer discussions or disputes, and neither PwC nor Deloitte was served with Plaintiff's motion. *Id.* ¶ 6; *see Pac. Coast Steel v. Leany*, 2011 U.S. Dist. LEXIS 113843 (D. Nev. Sept. 29, 2011) (citing Fed. R. Civ. P. 45(c) and denying motion to compel seeking documents from defendant's non-party accountants; "a party seeking to compel a non-party to comply with [a] subpoena must serve a motion to compel compliance with the subpoena on the person commanded to produce documents").

- Section (5) of the [Proposed] Order purports to require Marvell, and perhaps other unspecified parties, to produce all documents "produced to, shown to, or discussed with the SEC, the Department of Justice, PwC, or Deloitte." Dkt. No. 169-4 at 1. Not only is this vague and overbroad, and not the subject of any briefing or meet and confer discussions, but Marvell has already been ordered to produce, and did produce to Plaintiff on June 14, 2017 as part of its Initial Disclosures, all documents produced to the SEC and the DOJ and communications with PwC during the relevant time period. *See* Olivar Decl. ¶ 2. (Deloitte did not become Marvell's outside auditor until 2016, well after the fiscal quarters at issue.) As noted, Marvell and Plaintiff have agreed to additional searches related to PwC and Deloitte that will be part of Marvell's expedited supplemental production. *See* Olivar Decl. ¶ 3.

- Section (6) of the [Proposed] Order purports to require Marvell to produce "all documents relating to identification or remediation of weakness in internal controls." Dkt. No. 169-4 at 1. This too is not the subject of any current dispute, meet and confer, or briefing. These documents either have been produced to Plaintiff, or will be part of the supplemental production Marvell is making based on the search terms to which Plaintiff agreed. *See* Olivar Decl. ¶¶ 2, 3.

For all of the above reasons – failure to identify a dispute, failure to meet and confer, lack of briefing, and failure to serve affected parties – Sections (4) through (6) of Plaintiff's [Proposed] Order should be stricken. *See, e.g.*, *Comm. for Immigrant Rights v. County of Sonoma*, 2011 U.S. Dist. LEXIS 63726, *5 (N.D. Cal. June 16, 2011) (denying relief when "plaintiffs elected to seek the broadest conceivable orders without briefing" the issue); *Bernstein v. United States Dep't of State*, 922 F. Supp. 1426, 1431 (N.D. Cal. Apr. 15, 1996) (declining to rule on issues that plaintiff failed to brief) (superseded on other grounds).

## CONCLUSION

Plaintiff's Motion to Compel should be denied.

DATED: August 30, 2017

Respectfully Submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr.
*Attorneys for Defendant*
*Marvell Technology Group, Ltd.*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on August 30, 2017, I electronically filed the foregoing with the Clerk |
| 3 | of the Court using the CM/ECF system which will send notification of such filing to the e-mail |
| 4 | addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to |
| 5 | be mailed the foregoing document or paper via the United States Postal Service to the non- |
| 6 | CM/ECF participants indicated on the attached Notice List. |
| 7 | I certify under penalty of perjury under the laws of the United States of America that the |
| 8 | foregoing is true and correct.   Executed on August 30, 2017. |
| 9 | */s/ Alyssa L. Greenberg* |
| 10 | Alyssa L. Greenberg |

# Mailing Information for a Case 3:15-cv-05447-WHA Luna et al v. Marvell Technology Group, Ltd. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,FileRoomSD@rgrdlaw.com

- **Ian Edward Browning**
  ian@altolit.com

- **Alyssa Janiece Clover**
  alyssa.clover@skadden.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Diane M. Doolittle**
  dianedoolittle@quinnemanuel.com,sandramorones@quinnemanuel.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Jonah Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alyssa L Greenberg**
  alygreenberg@quinnemanuel.com

- **Joshua Garrett Hamilton**
  joshua.hamilton@lw.com,shirin.behrooz@lw.com,sandra.sudduth@lw.com,kathryn.bowman@lw.com

- **Nadim Gamal Hegazi**
  nhegazi@rgrdlaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Avi Josefson**
  avi@blbglaw.com

- **Bryan Jacob Ketroser**
  bryan@altolit.com

- **Jason Frank Lake**
  jasonlake@quinnemanuel.com,valerieroddy@quinneemanuel.com,harryolivar@quinnemanuel.com,calendar@quinnemanuel.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com

- **James Hyeoun Ju Moon**
  james.moon@lw.com

- **Harry Arthur Olivar , Jr**
  harryolivar@quinnemanuel.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Lesley Frank Portnoy**
  lportnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Valerie Suzanne Roddy**
  valerieroddy@quinnemanuel.com,calendar@quinnemanuel.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com

- **Jason David Russell**
  jrussell@skadden.com,nandi.berglund@skadden.com,dlmlclac@skadden.com,nandi-berglund-4699@ecf.pacerpro.com,ljohnsto@skadden.com,jon.powell@skadden.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,hectorm@rgrdlaw.com

- **Bahram Seyedin-Noor**
  bahram@altolit.com,gabriel@altolit.com,mark@altolit.com,bryan@altolit.com

- **Gerald H. Silk**
  jerry@blbglaw.com

- **Ryan Christopher Stevens**
  ryanstevens@quinnemanuel.com

- **John P. Stigi , III**
  jstigi@sheppardmullin.com,mvanterpool@sheppardmullin.com

- **Curtis Victor Trinko**
  ctrinko@gmail.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Patrick             V. Dahlstrom
Pomerantz LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
```

# ATTESTATION

I, Alyssa L. Greenberg, am the ECF User whose ID and password are being used to file "Defendant Marvell Technology Group, Ltd.'s Opposition to Lead Plaintiff Plumbers and Pipefitters National Pension Fund's Motion to Compel Documents Concerning Marvell's Audit Committee Investigation." In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Harry A. Olivar, Jr. has concurred in this filing.

DATED: August 30, 2017         */s/ Alyssa L. Greenberg*
                                Alyssa L. Greenberg