IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL LUNA,

    Plaintiff,

  v.

MARVELL TECHNOLOGY GROUP, *et al.*,

    Defendants.

No. C 15-05447 WHA

**ORDER RE MOTION TO SEAL**

    Lead plaintiff Plumbers and Pipefitters National Pension und moves to file portions of their motion for class certification and accompanying exhibits under seal (Dkt. No. 159). Defendants submitted a timely declaration in support of this motion (Dkt. No. 167).

    In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related" to the merits bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). A particularized showing of "good cause" under FRCP 26(c), however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id.* at 1179–80.

Our court of appeals has not ruled on whether a motion for class certification is more than tangentially related to the merits for the purposes of determining whether the compelling reasons standard applies. "[M]ost district courts to consider the question," however, "have found that a motion for class certification is more than tangentially related to the underlying cause of action and therefore merits application of the compelling reasons standard. *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (Judge Lucy Koh). Here, it is certainly the case that the issues raised at class certification were intertwined with the merits of the action, and therefore this order applies the compelling reasons standard.

Furthermore, Civil Local Rule 79-5(b) requires administrative motions to file under seal to "be narrowly tailored to seek sealing only of sealable material." Civil Local Rule 79-5(d) states, "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

With the foregoing principles in mind, the Court **ORDERS** as follows:

1. Exhibit 2 to the Saham Declaration is a memorandum written by a former Marvell Controller, Matthew Sepe, which discusses at length his concerns with Marvell's pull-in sales, the very topic lying at the core of this suit, and a topic that the parties have discussed in open court, specifically referring to this and other documents authored by Sepe (*see* Dkt. No. 159-5). Marvell notes that the document contains internal sales goals, business strategies, and management and business processes, as well as confidential sales terms offered to certain customers (*see* Dkt. No. 167 ¶ 5). On this basis, Marvell declares that public disclosure would "giv[e] competitors insight into how Marvell conducts its business" and harm its competitive standing (*ibid.*). Though business information "that might harm a litigant's competitive standing" is sealable, *see Apple Inc.*, 727 F.3d at 1221–22, it is incumbent upon the party requesting sealing to "narrowly tailor[]" their request such that it "seek[s] sealing only of sealable material." Civil Local Rule 79-5(b). Plaintiffs have failed to comply with the local rule in this respect. They seek to seal Exhibit 2 in its entirety, when in fact very little of the

document concerns any particular business strategy or client such that it could harm their competitive standing. Rather, most of the document details the controller's discontent with the use of pull-in transactions, and explains that he raised these concerns with other Marvell personnel on numerous occasions. Moreover, defendant's assertion that the documents were designated "confidential" pursuant to the protective order in this case is unavailing as Civil Local Rule 79-5(d) expressly states that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Accordingly, the motion to seal Exhibit 2 is **DENIED** and shall be filed on the public docket except to the following extent: (1) the sentence on page 4, under the second bullet point which begins "For example, in a meeting on 8/3/15 . . ." and (2) the two sentences on page 5, which begin "This was the summary of other discussions about where they could pull in from . . ."

2. Exhibit 3 to the Saham declaration is the resignation letter of former Marvell Controller, Sepe (*see* Dkt. No. 159-5). As with Exhibit 2, Marvell notes that the document contains internal sales goals, business strategies, and management and business processes, and on this basis seeks to maintain the entire letter under seal (*see* Dkt. No. 167 ¶ 5). The letter, however, does not reveal particular business strategies, customers, or other proprietary information. Instead, it discusses pull-in transactions, and the ballooning sales figures in the last weeks of the fiscal quarters at issue. The parties have not provided compelling reasons why this document should be filed under seal. Accordingly, the motion to seal Exhbit 3 is **DENIED**.

3. Exhibits 4–6 to the Saham declaration are excel charts of customer orders showing the number and price of parts ordered by each customer. These are the sort of business information that could harm competitive standing because they reveal particular customers' needs and the pricing that Marvell offers each customer. Accordingly, the motion to seal Exhibits 4–6 is **GRANTED**.

4. The parties further seek to seal several statements in lead plaintiff's motion for class certification derived from these exhibits. These statements consist of Sepe's expression of general concern regarding pull-in transactions, as well as statements regarding the amount of

extended payment terms required to induce pull-ins in various quarters. No Marvell customers are specifically named, nor are any of the details of these transactions revealed beyond the statement of the total amount of extended payment terms offered to all customers in the aggregate across particular quarters. This is not sealable material for the reasons stated above. Moreover, Sepe's concerns over pull-in transaction and the fact that a number of these transactions required extended payment terms has been discussed at length in open court (*see, e.g.*, Dkt. No. 203 at 10:3–12, 11:19–12:6). The motion to seal portions of the motion for class certification is **DENIED**.

Lead plaintiff shall file revised redacted versions of the aforementioned documents consistent with this order by **DECEMBER 21**.

Dated: December 8, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE