IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL LUNA,

    Plaintiff,

  v.

MARVELL TECHNOLOGY GROUP, *et al.*,

    Defendants.

No. C 15-05447 WHA

**ORDER RE MOTION TO SEAL**

    Defendant Marvell Technology Group, Ltd. moves to file portions of their opposition to lead plaintiff's motion for class certification and accompanying exhibits under seal (Dkt. No. 179).

    In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related" to the merits bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). A particularized showing of "good cause" under FRCP 26(c), however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id.* at 1179–80.

Our court of appeals has not ruled on whether a motion for class certification is more than tangentially related to the merits for the purposes of determining whether the compelling reasons standard applies. "[M]ost district courts to consider the question," however, "have found that a motion for class certification is more than tangentially related to the underlying cause of action and therefore merits application of the compelling reasons standard." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (Judge Lucy Koh). Here, the issues raised at class certification were intertwined with the merits of the action, and therefore this order applies the compelling reasons standard.

Furthermore, Civil Local Rule 79-5(b) requires administrative motions to file under seal to "be narrowly tailored to seek sealing only of sealable material." Civil Local Rule 79-5(d) states, "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

With the foregoing principles in mind, the Court **ORDERS** as follows:

1. Exhibits 1–4 to the Murakami Declaration are spreadsheets containing Marvell and Marvell customers' pricing and financial information, the disclosure of which would tend to harm Marvell's competitive standing (Dkt. Nos. 182-20–23). Accordingly, the motion to seal these documents is **GRANTED**.

2. Exhibits 9–15 and 17–22 to the Greenberg Declaration were designated confidential by lead plaintiff, who, as designating party, was required to file a supporting declaration within four days of the filing of the motion to seal to establish that the material identified was sealable. Lead plaintiff failed to do so. Accordingly, the motion to seal is **DENIED**. Defendants shall file these documents on the public docket unless, within **SEVEN DAYS** of the date of this order, lead plaintiff files a detailed declaration explaining, with particularity, the compelling reasons these documents, or portions thereof, should remain under seal.

3. Exhibit 2 to the Greenberg Declaration is an internal Marvell guideline regarding revenue recognition practices (Dkt. No. 182-1). Marvell claims that because this document contains "policies pertaining to sales, revenue recognition, payment terms, and business

processes" its disclosure would harm Marvell's competitive standing by "giving competitors insight into how Marvell conducts its business and the confidential sale and payment terms offered to Marvell customers" (Dkt. No. 179-1 ¶ 6). The vast majority of this twenty-five-page document, however, consists of generic accounting principles regarding revenue recognition. These practices are of considerable importance to this action — and to the public's understanding of this action — since the remaining theory of liability rests on the assertion that Marvell engaged in deceptive pull-in accounting practices. Despite Marvell's assertion that the document contains "confidential sale and payment terms offered to Marvell customers," not one customer is named in the document. Marvell has not provided a compelling reason that this material should be filed under seal. Accordingly the motion to seal Exhibit 2 to the Greenberg Declaration is **DENIED**.

4. Exhibit 4 to the Greenberg Declaration is a memorandum concerning the materiality of unrecorded adjustments that Marvell identified for fiscal quarters ending January 31, 2015 and January 30, 2016 (Dkt. No. 179-1 ¶ 7). Large portions of this document concern matters that were publicly disclosed in Marvell's financial filings (*see, e.g.,* Dkt. No. 182-2 at 4 ("As described in the Company's Annual Report on Form 10-K for FY15 . . . ")). The internal assessments of the impact of misstatements and internal controls are not the type of information that warrants sealing due to the possibility that it could cause competitive harm — the only theory Marvell asserts in support of sealing (*see id.* at 10–19). Moreover, many of these findings have been discussed in open court. The motion to seal Exhibit 4 is **DENIED**.

5. Exhibit 5 to the Greenberg Declaration is an email summarizing a meeting at Marvell regarding revenue recognition practices. While Marvell seeks to file the entire email under seal, this is an over-broad designation. *See* Civil L. R. 79-5(e). Paragraph 3 on page 1, however, warrants sealing as it contains business information "that might harm [Marvell's] competitive standing." *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (applying the law of our circuit). Specifically, that paragraph discusses a business strategy as it relates to a market competitor. Accordingly, the motion to seal Exhibit 5

in its entirety is **DENIED**. Exhibit 5 shall be filed on the public docket except that defendants may redact paragraph 3.

6.  Exhibit 24 to the Greenberg Declaration is an email that discusses, in general terms, Marvell's revenue recognition practices, but in no way risks Marvell's competitive standing, and Marvell has provided no other viable legal theory as to why it should be filed under seal. Accordingly, the motion to seal is **DENIED** as to Exhibit 24.

7.  Exhibit 25 to the Greenberg Declaration are the minutes from a meeting of the audit committee of the board of directors. The "unredacted version" submitted to the Court under seal contains two significant redactions, which is not in compliance with our local rules, and makes it impossible for the Court to determine whether the document warrants sealing. Defendants shall file an unredacted version of this document on the public docket within **SEVEN DAYS** of the date of this order, or shall provide a fully unredacted copy for the Court's review, along with a declaration demonstrating with particularity what part of the document warrants sealing and why.

8.  Exhibit 26 of the Greenberg Declaration is a report from Marvell's auditor, Deloitte & Touche LLP, describing its review of predecessor auditor working papers. Much of the report, which Marvell moves to seal in its entirety, consists of statements regarding general accounting principles, and providing the background of the PwC audit (Dkt. No. 182-19). Marvell seeks to seal the document, in part, on the grounds that sealing is necessary "to preserve the confidentiality of information contained in this memorandum and to prevent harm to Marvell that would otherwise occur if the information were to become publicly known" (Dkt. No. 179-1 ¶ 11). A document is not subject to sealing because it is "confidential." *See* Civil Local Rule 79-5(d) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). This tautological reasoning would make the "compelling reasons" standard set forth in *Kamakana* meaningless. Nor is this the sort of document that risks competitive harm to Marvell or its customers, and Marvell has made no particular showing to the contrary. Accordingly, the motion to seal Exhibit 26 is **DENIED**.

4

9. Finally, Marvell seeks to redact portions of its opposition to class certification that cite the above-discussed exhibits. None of the portions of the exhibits this order has deemed sealable are included in the opposition. For the reasons stated above, there are no compelling reasons to seal the portions of the opposition Marvell seeks to seal. Accordingly, its motion to seal portions of the opposition is **DENIED**.

Defendants shall file revised versions of the aforementioned documents consistent with this order by **DECEMBER 21**.

Dated: December 8, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE