IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL LUNA,

    Plaintiff,

  v.

MARVELL TECHNOLOGY GROUP, *et al.*,

    Defendants.

No. C 15-05447 WHA

**ORDER RE MOTION TO SEAL**

Lead plaintiff moves to file portions of its reply in support of its motion for class certification and accompanying exhibits under seal (Dkt. No. 179).

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related" to the merits bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). A particularized showing of "good cause" under FRCP 26(c), however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id.* at 1179–80.

Our court of appeals has not ruled on whether a motion for class certification is more than tangentially related to the merits for the purposes of determining whether the compelling

reasons standard applies. "[M]ost district courts to consider the question," however, "have found that a motion for class certification is more than tangentially related to the underlying cause of action and therefore merits application of the compelling reasons standard." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (Judge Lucy Koh). Here, the issues raised at class certification were intertwined with the merits of the action, and therefore this order applies the compelling reasons standard.

Furthermore, Civil Local Rule 79-5(b) requires administrative motions to file under seal to "be narrowly tailored to seek sealing only of sealable material." Civil Local Rule 79-5(d) states, "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

With the foregoing principles in mind, the Court **ORDERS** as follows:

1. Exhibit 2 to lead plaintiff's reply is a portion of the deposition of defendants' designated corporate representative for its investment management company (Dkt. No. 187-5). No party has submitted a declaration to explain why this document should be sealed, and therefore the motion is **DENIED**. Lead plaintiff shall file this document on the public docket within **SEVEN DAYS** of the date of this order, unless a detailed declaration explaining, with particularity, the compelling reasons this documents, or portions thereof, should remain under seal is filed. The parties should be forewarned that having reviewed the deposition transcript, the undersigned judge is not of the opinion that any portion thereof merits sealing.

2. Exhibit 6 to lead plaintiff's reply is a Microsoft Excel chart that tracks certain Marvell sales transactions and includes sales information including customer name, part number, quantities ordered and shipped, customer order number, customer request date, and customer purchase order number (Dkt. No. 187-6). Compelling reasons exist to seal these materials because they may harm the competitive standing of Marvell and its customers by revealing their sourcing needs and parts ordering practices. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (applying the law of our circuit). Accordingly the motion to seal Exhibit 6 is **GRANTED**.

United States District Court — For the Northern District of California

3. Exhibit 7 to Plaintiff's Reply in Support of Motion for Class Certification is an excerpted copy of the Extraction Report of the text messages sent and received from the cellular phone of a former Marvell Vice President between October 21, 2014 and October 30, 2014, which tracks each text message's recipient, date and time sent, cell phone number, whether the message was read, and the contents of the message. The document reveals personal details (cell phone numbers of particular individuals) as well as specific sales strategies employed to induce particular customers to purchase, for example panel 3399 on page 4 of Dkt. No. 187-7. There are also, however, large portions of the document that do not warrant sealing because they do not discuss particular clients, but instead generally discuss the need to pull in sales to meet revenue targets. Consistent with Civil Local Rule 79-5(b), which requires narrow tailoring of sealable materials, the parties shall file on the public docket a revised version of Exhibit 7 redacting only those portions of the document containing personal information or specific customer information that could result in harm to Marvell and its customers' competitive standing no later than **SEVEN DAYS** from the date of this order.

4. Plaintiffs further move to seal portions of the reply insofar as they cite or quote sealable material in the exhibits discussed above and in docket number 206. For the reasons already stated, that motion is **DENIED** except as to Dkt. No. 187-4: 16–21.

Defendants shall file revised versions of the aforementioned documents consistent with this order by **DECEMBER 18**.

Dated: December 9, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE