1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
  JASON C. DAVIS (253370)
3  Post Montgomery Center
  One Montgomery Street, Suite 1800
4  San Francisco, CA  94104
  Telephone:  415/288-4545
5  415/288-4534 (fax)
  shawnw@rgrdlaw.com
6  jdavis@rgrdlaw.com
       – and –
7  ELLEN GUSIKOFF STEWART (144892)
  JONAH H. GOLDSTEIN (193777)
8  SCOTT H. SAHAM (188355)
  MATTHEW I. ALPERT (238024)
9  CARISSA J. DOLAN (303887)
  655 West Broadway, Suite 1900
10 San Diego, CA  92101
  Telephone:  619/231-1058
11 619/231-7423 (fax)
  elleng@rgrdlaw.com
12 jonahg@rgrdlaw.com
  scotts@rgrdlaw.com
13 malpert@rgrdlaw.com
  cdolan@rgrdlaw.com
14
  Lead Counsel for Plaintiff
15
  [Additional counsel appear on signature page.]
16
            UNITED STATES DISTRICT COURT
17
          NORTHERN DISTRICT OF CALIFORNIA
18
             SAN FRANCISCO DIVISION

| | |
|---|---|
| 19 DANIEL LUNA, Individually and on Behalf of) All Others Similarly Situated, ) | Case No. 3:15-cv-05447-WHA |
| 20 ) | **(Consolidated)** |
| Plaintiff, ) | |
| 21 ) | <u>CLASS ACTION</u> |
| vs. ) | |
| 22 ) | LEAD PLAINTIFF'S NOTICE OF MOTION |
| MARVELL TECHNOLOGY GROUP, LTD., ) | AND UNOPPOSED MOTION FOR |
| 23 et al., ) | PRELIMINARY APPROVAL OF |
| ) | PROPOSED CLASS ACTION |
| 24 Defendants. ) | SETTLEMENT AND MEMORANDUM OF |
| ) | POINTS AND AUTHORITIES IN SUPPORT |
| 25 | THEREOF |

26                DATE:    December 21, 2017
                      TIME:    11:00 a.m.
27                CTRM:  8, 19th Floor
                      JUDGE: Hon. William H. Alsup
28

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ........................................................................2

    A.     Settlement Discussions ........................................................................3

    B.     The Proposed Settlement .....................................................................3

    C.     Proposed Schedule of Events................................................................5

II.    ARGUMENT .............................................................................................6

    A.     The Settlement Merits Preliminary Approval..........................................6

    B.     The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Process ............................................................................................7

    C.     The Settlement Is Well Within the Range of Reasonableness.................9

    D.     The Proposed Notice Program Satisfies Rule 23(e), Due Process, and the PSLRA Requirements.......................................................................11

    E.     Proposed Plan of Allocation ...............................................................14

    F.     Anticipated Legal Fees, Litigation Expenses and Administrative Fees ................14

III.   CONCLUSION.........................................................................................15

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - i -

1

**TABLE OF AUTHORITIES**

2

**Page**

3 **CASES**

4 *Booth v. Strategic Realty Tr., Inc.*,
5     No. 13-cv-04921-JST, 2015 WL 3957746
    (N.D. Cal. June 28, 2015) ...........................................................................................9

6 *Ching v. Siemens Indus., Inc.*,
7     No. C 11-4838 MEJ, 2013 WL 6200190
    (N.D. Cal. Nov. 27, 2013)..........................................................................................12

8 *Class Plaintiffs v. Seattle*,
9     955 F.2d 1268 (9th Cir. 1992) ....................................................................................4

10 *Grant v. Capital Mgmt. Servs., L.P.*,
11     No. 10-cv-2471-WQH (BGS), 2013 WL 6499698
    (S.D. Cal. Dec. 11, 2013) ...........................................................................................6

12 *In re Bluetooth Headset Prods. Liab. Litig.*,
13     654 F.3d 935 (9th Cir. 2011) ......................................................................................7

14 *In re HP Sec. Litig.*,
    No. 3:12-cv-05980-CRB, 2015 WL 4477936
15     (N.D. Cal. July 20, 2015) ..........................................................................................12

16 *In re LinkedIn User Privacy Litig.*,
17     309 F.R.D. 573 (N.D. Cal. 2015)..............................................................................10

18 *In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ......................................................................................5
19

20 *In re NVIDIA Corp. Derivative Litig.*,
    No. C-06-06110-SBA (JCS), 2008 WL 5382544
21     (N.D. Cal. Dec. 22, 2008) ...........................................................................................8

22 *In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) .................................................................9, 10
23

24 *In re Portal Software, Inc. Sec. Litig.*,
    No. C-03-5138 VRW, 2007 WL 1991529
25     (N.D. Cal. June 30, 2007) ...........................................................................................7

26 *In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ....................................................................................6
27

28 *In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ......................................................................9

1

2                                                                                              **Page**

3
*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    MDL No. 551, 1988 WL 158947
    (W.D. Wash. July 28, 1988) ................................................................................10

*In re Zynga Inc. Sec. Litig.*,
    No. 12-cv-04007-JSC, 2015 WL 6471171
    (N.D. Cal. Oct. 27, 2015)................................................................6, 7, 8, 10

*Int'l Bhd. of Elec. Workers Local 697 Pension Fund*
*v. Int'l Game Tech., Inc.*,
    No. 3:09-cv-00419-MMD-WGC, 2012 WL 5199742
    (D. Nev. Oct. 19, 2012)....................................................................................10

*Lane v. Facebook, Inc.*,
    696 F.3d 811 (9th Cir. 2012) ..........................................................................12

*Linney v. Cellular Alaska P'ship*,
    No. C-96-3008 DLJ, 1997 WL 450064
    (N.D. Cal. July 18, 1997), *aff'd*,
    151 F.3d 1234 (9th Cir. 1998) .........................................................................7

*Lo v. Oxnard European Motors, LLC*,
    No. 11-cv-1009 JLS (MDD), 2011 WL 6300050
    (S.D. Cal. Dec. 15, 2011) ................................................................................11

*Luna v. Marvell Tech. Grp., Ltd.*,
    No. C 15-05447 WHA, 2017 WL 4286325
    (N.D. Cal. Sept. 22, 2017) ...........................................................................3, 4

*Luna v. Marvell Tech. Grp., Ltd.*,
    No. C 15-05447 WHA, 2017 WL 4865559
    (N.D. Cal. Oct. 27, 2017)...................................................................................2

*McPhail v. First Command Fin. Planning, Inc.*,
    No. 05cv179-IEG-JMA, 2009 WL 839841
    (S.D. Cal. Mar. 30, 2009)...................................................................................9

*Nisch v. Dreamworks Animation Skg Inc.*,
    No 14-CV-04062-LHK, 2017 U.S. Dist. LEXIS 29920
    (N.D. Cal. Mar. 2, 2017) .................................................................................12

*Noll v. eBay, Inc.*,
    309 F.R.D. 593 (N.D. Cal. 2015)......................................................................6

28

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - iii -

**Page**

*Orvis v. Spokane Cty.*,
    281 F.R.D. 469 (E.D. Wash. 2012)................................................................11

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................12

*Satchell v. Fed. Express Corp.*,
    No. 03-cv-2659, 2007 WL 1114010
    (N.D. Cal. Apr. 13, 2007) ...............................................................................7

*Villegas v. J.P. Morgan Chase & Co.*,
    No. CV 09-00261 SBA EMC, 2012 WL 5878390
    (N.D. Cal. Nov. 21, 2012)................................................................................8

*Weeks v. Kellogg Co.*,
    No. CV 09-08102 (MMM) (RZX), 2011 U.S. Dist. LEXIS 155472
    (C.D. Cal. Nov. 23, 2011) .............................................................................10

*West v. Circle K Stores, Inc.*,
    No. CIV.S-04-0438 WBS (GGH), 2006 WL 1652598
    (E.D. Cal. June 13, 2006)................................................................................6

*Young v. Polo Retail, LLC*,
    No. C-02-4546 VRW, 2006 WL 3050861
    (N.D. Cal. Oct. 25, 2006) ...............................................................................6

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78j(b)...................................................................................................2, 4, 9
    §78t(a)............................................................................................................2
    §78u-4(a)(7)(A)-(F) .....................................................................................13

Federal Rules of Civil Procedure
    Rule 23 ...............................................................................................1, 6, 12
    Rule 23(c)(2)(B)...........................................................................................12

17 C.F.R.
    §229.404........................................................................................................2
    §240.10b-5 ....................................................................................................2

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA    - iv

1

2                                                                                                    **Page**

3   **SECONDARY AUTHORITIES**

4
Laarni T. Bulan, Ellen M. Ryan & Laura E. Simmons, *Securities*

5   *Class Action Settlements: 2016 Review and Analysis*
(Cornerstone Research 2017)..........................................................................................................9

6
*Manual for Complex Litigation* (2d ed. 1985)

7       §30.44....................................................................................................................................6

8   *Manual for Complex Litigation* (4th ed. 2004)

9       §13.14....................................................................................................................................6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on December 21, 2017 at 11:00 a.m., or as soon as it may be heard in the Courtroom of the Honorable William H. Alsup, United States District Judge at the United States District Court for the Northern District of California, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Plaintiff Plumbers and Pipefitters National Pension Fund, on behalf of itself and all Members of the Class, will respectfully move this Court for an Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure:  (i) granting preliminary approval of the proposed Settlement in the amount of $72.5 million; (ii) approving the form and substance of the proposed long-form notice, proof of claim and release form, and publication notice, as well as the proposed methods of disseminating notice to the Class; (v) scheduling a date for the final settlement hearing; and (vi) such other and further relief as this Court deems just and proper.

This motion is supported by the following memorandum of points and authorities, the Stipulation of Settlement dated December 19, 2017 ("Stipulation" or "Settlement"), filed herewith, and the Declaration of Michael Joaquin Regarding Notice Plan ("Joaquin Decl."), filed herewith.[1]

A [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, ("Preliminary Approval Order"), with annexed exhibits, which was negotiated by the Settling Parties, is also submitted herewith.

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Court should grant preliminary approval of the proposed $72.5 million Settlement on the terms set forth in the Stipulation;

2.    Whether the Court should approve the form and substance of the proposed Notice of Proposed Settlement of Class Action ("Notice"), Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice ("Summary Notice"), appended as Exhibits A-1 through A-3 to

---

[1]    All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein.

the proposed Preliminary Approval Order, as well as the manner of notifying the Class of the Settlement; and

3.     Whether the Court should schedule a hearing to determine whether the Settlement and Plan of Allocation should be finally approved and to consider Lead Counsel's application for an award of attorneys' fees and payment of expenses (the "Settlement Hearing").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT

This case is a certified class action alleging that Defendants violated §§10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission, 17 C.F.R. §240.10b-5. Lead Plaintiff is the court-appointed lead plaintiff and class representative on behalf of all persons and entities who purchased or otherwise acquired the common stock of Marvell Technology Group, Ltd. ("Marvell" or the "Company") during the period from February 19, 2015 through December 7, 2015, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are investors who sold all of their shares prior to September 11, 2015, and the Defendants, present or former executive officers of Marvell and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)). *See Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447 WHA, 2017 WL 4865559, at *8-*9 (N.D. Cal. Oct. 27, 2017).

At the time that the $72.5 million Settlement was reached the parties were within two weeks of the completion of fact discovery. During discovery Defendants and third parties (*e.g.*, outside auditing firms, Marvell customers and distributors and former Company executives and employees) have produced and Lead Counsel has reviewed more than 415,000 documents, totaling more than two million pages. Lead counsel has also taken 10 fact depositions. The documents reviewed include: (1) internal Company documents regarding Marvell's financial performance during the Class Period; (2) numerous documents and memoranda memorializing interviews of current and former Marvell employees by the Company's Audit Committee; (3) detailed accounting summaries of Class Period transactions between Marvell and third parties that involved pull-ins; and (4) the

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - 2 -

Company's presentation of its Audit Committee's findings.  Many of the key documents produced were the subject of a motion to compel granted by this Court on September 22, 2017.  *See Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447 WHA, 2017 WL 4286325 (N.D. Cal. Sept. 22, 2017).

Lead Plaintiff respectfully submits that the Settlement of $72.5 million is an excellent result constituting between 15% and 50% of the estimate of total recoverable damages.  This range is dependent upon the number of damaged shares and the percentage of the stock price decline attributable to the disclosure of the Carnegie Mellon University ("CMU") litigation reserve and/or other factors unrelated to Lead Plaintiff's remaining claims.  Lead Plaintiff is cognizant of the admonitions this Court made during the class certification hearing regarding the need to disaggregate the cause of class wide damages.  The analysis of loss causation and the attribution of multiple causes to the stock price declines alleged weighed heavily in favor of settlement.  The decision to settle was also informed by a comprehensive investigation, motion practice, nearly completed fact discovery, including 10 fact depositions and the review of over two million pages of documents, preparation of expert reports which are due to be filed on December 29, 2017, preparation for the March 5, 2018 trial and a day-long settlement conference before Magistrate Judge Joseph C. Spero which ultimately resulted in an accepted mediator's proposal of $72.5 million.  For the reasons stated herein,  Lead Plaintiff respectfully requests that the Court grant this motion.

### A.    Settlement Discussions

The parties attended a settlement conference with Magistrate Judge Spero on December 12, 2017 which resulted in this Settlement.  After a full day of negotiations, the parties accepted the Magistrate Judge's proposal to settle the action for $72.5 million.

### B.    The Proposed Settlement

Pursuant to the proposed Settlement, Marvell shall pay, or cause to be paid, the Settlement Amount of $72.5 million into an escrow account within 20 business days after entry of the Preliminary Approval Order.  In exchange for this payment, upon the Effective Date of the Settlement, Lead Plaintiff and the Class will release all Released Claims against each and every one of the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims  against any and all of the Released

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                     - 3 -

1    Persons.  The definition of Released Claims, including Unknown Claims, has been properly tailored

2    to release only claims that relate to the purchase or acquisition of Marvell publicly-traded common

3    stock during the Class Period that were raised or could have been raised by Class Members in the

4    Litigation.  *See* Stipulation, ¶¶1.25, 1.33.  The scope of the release is reasonable and is set forth in

5    the Stipulation under the definition of "Released Claims" (*id.*, ¶1.25).  It is properly tethered to the

6    claims asserted or which could have been asserted and is also limited to the Class Period.  *Id.*  Other

7    than releasing Unknown Claims or other claims that could have been brought in the action, there are

8    no differences between the claims to be released and the claims set out in the Complaint.

9           The Net Settlement Fund will be distributed to Authorized Claimants (*i.e.*, Class Members

10   who submit valid Proof of Claim forms and whose claims have been allowed pursuant to the

11   Stipulation) in accordance with the Plan of Allocation described in the Notice.[2]  A Class Member's

12   recovery will depend on (i) the number of valid Proof of Claim forms submitted by Class Members;

13   (ii) when he, she, or it purchased or acquired and sold Marvell common stock; and (iii) the number

14   of the shares purchased or acquired and sold.  The Notice states that the average per share recovery

15   before deduction of Court-approved fees, expenses and costs is $0.43.  *Id.*, Ex. A-1 at 2.

16          The Plan of Allocation, which was drafted with the assistance of Lead Plaintiff's damages

17   expert, is based on an out-of-pocket measure of damages consistent with Lead Plaintiff's §10(b)

18   claim, takes into account the alleged disclosure dates, and treats all potential claimants in a fair and

19   equitable fashion.

20          Any amount remaining below $5,000, after distributions have taken place, will be donated to

21   Second Harvest Food Bank.  *Id.*, ¶5.8.  *See* http://www.shfb.org/.

22          The settlement class is identical to the Class certified by the Court in its October 27, 2017

23   Order.  ECF No. 202.

24

25

---

26   [2]   While the Plan of Allocation is considered separately from the fairness of the Settlement, the
     standard for approval of a Plan of Allocation is governed by the same standard of review applicable
27   to the Settlement – the plan must be fair, reasonable and adequate.  *Class Plaintiffs v. Seattle*, 955
     F.2d 1268, 1285 (9th Cir. 1992).

28

### C.   Proposed Schedule of Events

Lead Plaintiff respectfully proposes the following schedule for the various Settlement-related events:

| | |
|---|---|
| Deadline for mailing individual Notices and Proofs of Claim (the "Notice Date") | ***Ten business days after entry of the Preliminary Approval Order*** |
| Deadline for publication of Summary Notice in *The Wall Street Journal* and transmission over a national newswire | ***Within 14 calendar days of the Notice Date*** |
| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and expenses | ***No later than 35 calendar days prior to the Settlement Hearing*** |
| Deadline for submission of requests for exclusion from the Class or objections to the Settlement, Plan of Allocation, or the request for attorneys' fees and expenses | ***No later than 21 calendar days prior to the Settlement Hearing*** |
| Deadline for filing reply papers in support of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and expenses | ***No later than 14 calendar days prior to the Settlement Hearing*** |
| Settlement Hearing | ***At the Court's convenience, but no fewer than 100 calendar days after the date of the entry of the Preliminary Approval Order*** |
| Deadline for submission of Proofs of Claim | ***Postmarked or electronically submitted no later than 120 calendar days after the Notice Date*** |

The foregoing schedule is similar to those used and approved by numerous courts in class action settlements and complies with the Ninth Circuit's ruling in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA            - 5 -

## II.     ARGUMENT

### A.     The Settlement Merits Preliminary Approval

As a matter of public policy, settlement is a strongly favored method for resolving disputes, especially in complex class actions.  *See, e.g.*, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."); *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WQH (BGS), 2013 WL 6499698, at *2 (S.D. Cal. Dec. 11, 2013) ("'Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation.'") (citation omitted). Federal Rule of Civil Procedure 23 requires court approval for any settlement of a class action. Approval of class action settlements normally proceeds in two stages: (i) preliminary approval, followed by notice to the class; and (ii) final approval.  *See, e.g.*, *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015); *West v. Circle K Stores, Inc.*, No. CIV.S-04-0438 WBS (GGH), 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006); *Manual for Complex Litigation* §13.14 (4th ed. 2004).  By this motion, Lead Plaintiff requests that the Court take the first step in the approval process: preliminary approval of the Settlement.

The preliminary approval standard involves "both a procedural and a substantive component."  *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).  As the court in *Young* explained:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing. . . .

*Id.* (citing *Manual for Complex Litigation* §30.44 (2d ed. 1985));  *see also In re Zynga Inc. Sec. Litig.*, No. 12-cv-04007-JSC, 2015 WL 6471171, at *8-*11 (N.D. Cal. Oct. 27, 2015) (granting preliminary approval after finding proposed settlement was "non-collusive," "lacks obvious deficiencies," and was "within the range of possible approval").

A court "'need not conduct a full settlement fairness appraisal before granting preliminary approval.'"  *Grant*, 2013 WL 6499698, at *5 (citation omitted).  "The Court cannot fully assess all of [the] fairness factors until after the final approval hearing; thus, 'a full fairness analysis is

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA          - 6 -

1  unnecessary at this stage.'  Instead, 'the settlement need only be *potentially* fair, as the Court will

2  make a final determination of its adequacy at the hearing on Final Approval, after such time as any

3  party has had a chance to object and/or opt out.'"[3]  *Zynga*, 2015 WL 6471171, at *8 (citations

4  omitted; emphasis in original).  Applying the standards set forth above, the Settlement should be

5  preliminarily approved.

6       **B.**     **The Settlement Is the Result of a Thorough, Rigorous, and Arm's-**
           **Length Process**

7

8          There is an initial presumption that a proposed settlement is fair and reasonable when it is the

9  "product of arms-length negotiations."  *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW,

10  2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007); *see also Linney v. Cellular Alaska P'ship*, No.

11  C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997) ("The involvement of

12  experienced class action counsel and the fact that the settlement agreement was reached in arm's

13  length negotiations, after relevant discovery had taken place create a presumption that the agreement

14  is fair."), *aff'd*, 151 F.3d 1234 (9th Cir. 1998).  Here, the parties have vigorously investigated and

15  litigated the Litigation since its inception to within two weeks of the conclusion of fact discovery,

16  including review of more than two million pages of documents, 13 depositions (10 by Lead Plaintiff,

17  three by Defendants) and the preparation of expert reports.  The Settlement was achieved only after a

18  thorough arm's-length mediation session under the supervision of Magistrate Judge Spero and was

19  set to be tried within less than three months from the date settlement was reached.

20          Courts have recognized that "[t]he assistance of an experienced mediator in the settlement

21  process confirms that the settlement is non-collusive."  *Satchell v. Fed. Express Corp.*, No. 03-cv-

22  2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).  Here, Magistrate Judge Spero played an

23  active role in addressing the relevant issues with the parties and bringing about the Settlement.

---

24  [3]   In connection with final approval of the Settlement, the Court will be asked to review the

25  following factors identified by the Ninth Circuit: "'(1) the strength of the plaintiffs' case; (2) the risk,
   expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action

26  status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery
   completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the

27  presence of a governmental participant; and (8) the reaction of the class members of the proposed
   settlement.'" *Zynga*, 2015 WL 6471171, at *8 (citing *In re Bluetooth Headset Prods. Liab. Litig.*,

28  654 F.3d 935, 946 (9th Cir. 2011)).

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA          - 7 -

1   Indeed, "[t]he use of a mediator and the presence of discovery 'support the conclusion that the

2   Plaintiff was appropriately informed in negotiating a settlement.'" *Zynga, Inc.*, 2015 WL 6471171,

3   at *9 (quoting *Villegas v. J.P. Morgan Chase & Co*., No. CV 09-00261 SBA EMC, 2012 WL

4   5878390, at *6 (N.D. Cal. Nov. 21, 2012)).

5          Before and during the settlement conference, the strengths and weaknesses of Lead Plaintiff's

6   and Defendants' respective claims and defenses were fully explored by the parties.  Lead Counsel

7   developed a thorough understanding of the facts of the case and merits of the claims through their

8   analysis of, *inter alia*:  (i) publicly available information regarding the Company; (ii) substantive

9   briefing on Defendants' motion to dismiss and Lead Plaintiff's Motion for Class Certification as well

10  as discovery related to class certification and the Court's class certification ruling; (iii) the review of

11  millions of pages of documents and the near completion of fact discovery, including, the depositions

12  of 10 current or former Marvell employees or accountants; (iv) frank discussions with Magistrate

13  Judge Spero during the mediation process; and (v) consultation with damages experts.  With an

14  informed understanding, the Lead Plaintiff agreed to the Settlement.  There has been no collusion.

15         Additionally, throughout the Litigation, Lead Plaintiff had the benefit of the advice of

16  knowledgeable counsel with extensive experience in shareholder class action litigation and securities

17  fraud cases.  Robbins Geller Rudman & Dowd LLP ("Robbins Geller") is among the most

18  experienced and skilled firms in the securities litigation field, and has a long and successful track

19  records in such cases.  *See* www.rgrdlaw.com.  Robbins Geller has served as lead counsel in a

20  number of high profile matters, for example:  *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D.

21  Ill.) (after 14 years of litigation, including a six-week jury trial Robbins Geller obtained a $1.575

22  billion settlement for the class); *In re Enron Corp. Sec. Litig*., No. 01-3624 (S.D. Tex.) (representing

23  The Regents of the University of California and reaching settlements in excess of $7.2 billion); *In re

24  UnitedHealth Grp. PSLRA Litig*., No. 06-1691 (D. Minn.) (representing the California Public

25  Employees' Retirement System and securing settlements of more than $925 million).

26         Courts give considerable weight to the opinion of experienced and informed counsel.  *See,

27  e.g.*, *In re NVIDIA Corp. Derivative Litig*., No. C-06-06110-SBA (JCS), 2008 WL 5382544, at *4

28  (N.D. Cal. Dec. 22, 2008) ("[S]ignificant weight should be attributed to counsel's belief that

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - 8 -

settlement is in the best interest of those affected by the settlement.").  In *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007), the court held that the recommendation of counsel weighed in favor of settlement given their familiarity with the dispute and their significant experience in securities litigation.  *Id.*  Lead Counsel likewise have a thorough understanding of the merits of the action and extensive experience in securities fraud litigation in particular.  Lead Counsel's belief in the fairness and reasonableness of the Settlement warrants a presumption of reasonableness.

### C.    The Settlement Is Well Within the Range of Reasonableness

"The Court's task at the preliminary approval stage is to determine whether the settlement falls 'within the range of possible approval.'"  *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-04921-JST, 2015 WL 3957746, at *6 (N.D. Cal. June 28, 2015) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)).  This Settlement is well within the range of reasonableness for several reasons.

Principally, the $72.5 million Settlement is a significant portion of Lead Plaintiff's expert's estimate of maximum aggregate damages, if liability were to be established.  The range of likely recoverable damages was between $150 million and $500 million.  The Settlement represents a recovery of between 15% and 50% of damages, depending upon the number of damaged shares and the percentage of the stock price decline attributed to the CMU litigation or other non-fraud factors. Indeed, the recovery of estimated damages is at least five times greater than the median recovery of 2.5% of estimated damages for §10(b) claims that settled between 1996 and 2015, according to a recent Cornerstone Research Study.[4]  Moreover, Defendants maintained that no damages could be established.

Courts have generally approved settlements in cases since the passage of the Private Securities Litigation Reform Act of 1995 ("PSLRA") that recover a far smaller percentage of maximum damages.  *See, e.g.*, *McPhail v. First Command Fin. Planning, Inc.*, No. 05cv179-IEG-

---

[4]    *See* Laarni T. Bulan, Ellen M. Ryan & Laura E. Simmons, *Securities Class Action Settlements: 2016 Review and Analysis*, at 11, Figure 10 (Cornerstone Research 2017), available at https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements%E2%80%942016-Review-an.

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA              - 9 -

1   JMA, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (finding a $12 million settlement recovering

2   7% of estimated damages was fair and adequate); *Omnivision*, 559 F. Supp. 2d at 1042 ($13.75

3   million settlement yielding 6% of potential damages after deducting fees and costs was "higher than

4   the median percentage of investor losses recovered in recent shareholder class action settlements");

5   *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc*., No. 3:09-cv-00419-

6   MMD-WGC, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (approving $12.5 million settlement

7   recovering about 3.5% of the maximum damages that plaintiffs believe could be recovered at trial

8   and noting that the amount is within the median recovery in securities class actions settled in the last

9   few years); *see also Zynga*, 2016 WL 6471171, at *11 (approving settlement representing

10  approximately 14% of likely recoverable aggregate damages at trial); *Weeks v. Kellogg Co.*, No. CV

11  09-08102 (MMM) (RZX), 2011 U.S. Dist. LEXIS 155472, at *53-*55 & n.85 (C.D. Cal. Nov. 23,

12  2011) (approving "settlement amount [of] approximately 10 percent of th[e] total damages figure"

13  because "[e]stimates of what constitutes a fair settlement figure are tempered by factors such as the

14  risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often

15  measured in years))."

16      The Settlement also represents a prompt and substantial tangible recovery, without the

17  considerable risk, expense, and delay of prevailing on summary judgment motions and at trial, and in

18  post-trial litigation.  *See, e.g.*, *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal.

19  2015) ("'Generally, unless the settlement is clearly inadequate, its acceptance and approval are

20  preferable to lengthy and expensive litigation with uncertain results.'") (citation omitted); *In re*

21  *Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D. Wash. July

22  28, 1988) (finding settlement to be in the "best interests of the class . . . before it is subjected further

23  to the vagaries of litigation").  While Lead Plaintiff believes it could have succeeded in establishing

24  each of the elements of its securities claims, it faced considerable obstacles in continuing the

25  Litigation.

26      If the case were to proceed, Lead Plaintiff would have to respond to Defendants' anticipated

27  motion for summary judgment directed to both liability and damages issues.  Among other things,

28  Defendants would likely assert that pull-ins did not give rise to an actionable claim under the

1    securities laws as no restatement of revenue occurred and Marvell's auditor attested that the

2    Company's financial statements complied with Generally Accepted Accounting Principles.

3    Defendants would further argue that Lead Plaintiff's damages expert could not disaggregate the

4    CMU related information and thus, could not establish loss causation or damages.  Leaving these

5    challenges aside, the trial of the claims would be complex and long, and even a favorable verdict for

6    Lead Plaintiff would spur a lengthy post-trial and appellate process.

7            Accordingly, in light of the substantial risks and expense of continued litigation, and

8    compared to the certain and prompt recovery of $72.5 million, the Settlement is an excellent result

9    that is well within the range of reasonableness.  *See, e.g.*, *Orvis v. Spokane Cty.*, 281 F.R.D. 469, 475

10   (E.D. Wash. 2012) ("the proposed benefit to class members appears to the Court to be within the

11   range of fair and reasonable compensation given the uncertain outcome of the legal arguments and

12   the risks and probable delay for Plaintiff and class members if litigation were to proceed toward

13   trial"); *Lo v. Oxnard European Motors, LLC*, No. 11-cv-1009 JLS (MDD), 2011 WL 6300050, at *5

14   (S.D. Cal. Dec. 15, 2011) (addressing preliminary approval and stating that "'[c]onsidering the

15   potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of

16   appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation,'

17   the Court finds that, on balance, the proposed settlement is fair, reasonable, and adequate") (citation

18   omitted).

19           For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court preliminarily

20   approve the proposed Settlement.

21       **D.    The Proposed Notice Program Satisfies Rule 23(e), Due Process, and
              the PSLRA Requirements**
22

23           Lead Counsel proposes that notice be given to the Class in the form of the mailed Notice and

24   published Summary Notice, attached as Exhibits A-1 and A-3 to the proposed Preliminary Approval

25   Order.  Notice to the Class in the form and in the manner set forth in the proposed Preliminary

26   Approval Order will fulfill the requirements of due process and comply with the Federal Rules of

27   Civil Procedure and the PSLRA.  It is also consistent with the notice plan approved by this Court in

28   connection with providing the Notice of Pendency of Class Action ("Notice of Pendency") to

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA            - 11 -

putative Class Members.  *See* ECF No. 205.  Notice must be given to class members in the most

practicable manner under the circumstances and must describe "'the terms of the settlement in

sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be

heard.'"  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v.*

*West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)); *see also* Fed. R. Civ. P. 23(c)(2)(B).  As with

the Notice of Pendency, Lead Plaintiff proposes to give Class Members notice in two ways:  (i) by

first-class mailing of the long-form Notice, addressed to all Class Members who can reasonably be

identified and located; and (ii) by publication of the Summary Notice in *The Wall Street Journal* and

its transmission over *Business Wire*.  *See In re HP Sec. Litig.*, No. 3:12-cv-05980-CRB, 2015 WL

4477936, at *2 (N.D. Cal. July 20, 2015) (finding the procedures for notice, including mailing

individual notice and publication notice satisfy Rule 23, the PSLRA, and constitute the best notice

practicable); *see also* Joaquin Decl.  Neither Defendants, Lead Counsel, nor the Claims

Administrator have access to potential Class Members' email addresses for dissemination of the

Notice; however, the Notices will be posted on the website for the Settlement and Lead Counsel's

website.

   The form and substance of the notice program are sufficient.  The proposed forms of notice

describe the terms of the Settlement and the Class' recovery; the considerations that caused Lead

Plaintiff and Lead Counsel to conclude that the Settlement is fair, adequate, and reasonable; the

maximum attorneys' fees and expenses that may be sought; the procedure for requesting exclusion

from the Class;[5] the procedure for objecting to the Settlement; the procedure for participating in the

Settlement; the proposed Plan of Allocation; and the date and place of the Settlement Hearing.  *See*

*Ching v. Siemens Indus., Inc.*, No. C 11-4838 MEJ, 2013 WL 6200190, at *6 (N.D. Cal. Nov. 27,

2013) (approving notice that "adequately describes the nature of the action, summarizes the terms of

---

[5]    Marvell may terminate the Settlement if a certain threshold of exclusion requests is received, pursuant to the parties' Confidential Supplemental Agreement Regarding Requests for Exclusion, dated December 19, 2017.  *See* Stipulation, ¶7.4.  The Supplemental Agreement has not been filed with the Court given the confidential nature of the Termination Threshold.  *See, e.g.*, *Nisch v. Dreamworks Animation Skg Inc.*, No 14-CV-04062-LHK, 2017 U.S. Dist. LEXIS 29920, at *8-*9 (N.D. Cal. Mar. 2, 2017) (granting motion to seal supplemental agreement and noting reasons to maintain confidentiality).  However, the Supplemental Agreement can be provided to the Court *in camera* at the hearing on the instant motion.

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - 12

1    the settlement, identifies the class and provides instruction on how to opt out and object, and sets

2    forth the proposed fees and expenses to be paid to Plaintiff's counsel and the settlement

3    administrator in clear, understandable language").

4          The Notice also satisfies the PSLRA's separate disclosure requirements by, *inter alia*,

5    stating: (i) the amount of the Settlement determined in the aggregate and on an average per share

6    basis; (ii) that the parties do not agree on the average amount of damages per share that would be

7    recoverable in the event Lead Plaintiff prevailed; (iii) that Lead Counsel intend to make an

8    application for an award of attorneys' fees and expenses (including the amount of such fees and

9    expenses determined on an average per share basis), and a brief explanation of the fees and expenses

10   sought; (iv) the name, telephone number, and address of one or more representatives of counsel for

11   the Class who will be available to answer questions concerning any matter contained in the Notice;

12   and (v) the reasons why the parties are proposing the Settlement.  *See* 15 U.S.C. §78u-4(a)(7)(A)-

13   (F).  The proposed Notice contains all of the information required by the PSLRA.[6]

14         The Notices will, when mailed and published as provided for in the Preliminary Approval

15   Order submitted herewith, fairly apprise Class Members of the Settlement and their options with

16   respect thereto, and fully satisfy all due process requirements.

17         Lead Counsel also propose that the Court appoint Gilardi & Co. LLC ("Gilardi") as the

18   Claims Administrator for the Settlement in order to provide all notices approved by the Court to

19   Class Members, to process Proof of Claims, and to administer the Settlement.[7]  Gilardi is a

20   recognized leader in legal administration services for class action settlements and legal noticing

21   programs in the country.  *See* Joaquin Decl.  For 30 years, Gilardi has administered some of the

22   largest class actions of all time.  *Id*.

23

24

---

25   [6]   As set forth in the Notice, the average recovery per allegedly damaged share would be $0.43 per
     share or 24% of the best estimate of damages before deduction of Court-approved fees and expenses,
26   such as attorneys' fees and expenses, and approximately $0.33 per allegedly damaged share after
     deduction of attorneys' fees and expenses.

27   [7]   Gilardi was appointed the Notice Administrator to provide the Notice of Pendency.  ECF No.
28   205 at 2.

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA          - 13 -

1  **E.   Proposed Plan of Allocation**

2  At the Settlement Hearing, the Court will be asked to approve the proposed Plan of

3  Allocation for the settlement proceeds, which is reported in full in the Notice.  The Plan of

4  Allocation was drafted with the assistance of Lead Plaintiff's damages expert, based on his damage

5  estimate that he was preparing as part of his expert report that was due to be served upon Defendants

6  on December 29, 2017.

7  Individual claimants' recoveries will depend upon when they bought Marvell stock and

8  whether they sold, or held the stock until after the Class Period.  Eligible claimants will recover their

9  proportioned "*pro rata*" amount of the Net Settlement Fund based on their "Recognized Loss," as set

10  forth in the Plan of Allocation.  The Claims Administrator will calculate claimants' Recognized

11  Losses using the transactional information provided by Claimants in their claim forms.  Because

12  most securities are held in "street name" by the brokers that buy them on behalf of clients, the

13  Claims Administrator, Lead Counsel, and Defendants do not have Class Members' transactional

14  data.

15  Once the Claims Administrator has processed all submitted claims, distributions will be

16  made to eligible Authorized Claimants.  After an initial distribution of the Net Settlement Fund, if

17  there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds,

18  uncashed checks or otherwise) after at least six (6) months from the date of initial distribution, Lead

19  Counsel will, if feasible and economical, re-distribute the balance among Authorized Claimants who

20  have cashed their checks.  These re-distributions will be repeated until the balance in the Net

21  Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Any balance that still

22  remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to

23  reallocate, after payment of any outstanding Notice and Administration Expenses or Taxes, will be

24  donated to Second Harvest Food Bank.  *See* Stipulation, ¶5.8; *see also* http://www.shfb.org/.

25  **F.   Anticipated Legal Fees, Litigation Expenses and Administrative Fees**

26  As set forth in the Notice, Lead Counsel intends to move for attorneys' fees of no more than

27  22% of the Settlement Fund and litigation expenses of no more than $625,000.00.

28

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA          - 14 -

Lead Counsel's maximum expense figure is based upon total to date expenses of approximately $479,900.74, which includes the amounts below, plus a cushion to cover incurred expenses that have not yet been invoiced or expenses that will be incurred between now and Lead Counsel's motion for fees and expenses. This includes invoices that have yet to be received and/or processed for multiple deposition transcripts and videos; travel related expenses and expert costs. Lead Counsel expects that these costs will total less than $145,000.00. The expenses already incurred and processed are as follows:

| CATEGORY | AMOUNT |
|---|---|
| Filing, Witness and Other Fees | $    6,057.35 |
| Class Action Notices | 15,575.66 |
| Transportation, Hotels & Meals | 65,913.08 |
| Telephone, Facsimile | 39.26 |
| Postage | 7.68 |
| Messenger, Overnight Delivery | 2,043.69 |
| Court Hearing and Deposition Reporting, and Transcripts | 28,603.86 |
| Experts/Investigators | 291,008.19 |
| Photocopies | 6,061.05 |
| Online Legal and Financial Research | 64,590.92 |
| *TOTAL* | *$  479,900.74* |

The Claims Administrator currently estimates that notice and administrative fees and expenses will not exceed $1.5 million. Joaquin Decl., ¶23. This estimate assumes that Gilardi may mail as many as 450,000 claim packages, and that approximately 135,000 claims will be received. *Id.*, ¶21. In the event that actual experience differs from these assumptions, the administrative fees and expenses incurred in connection with this Settlement will differ from this estimate.

## III.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court issue an order substantially in the form of the proposed Preliminary Approval Order: (a) preliminarily approving the Settlement; (b) finding that the manner and forms of notice set forth in the Preliminary Approval Order satisfy due process and provide the best notice practicable under the circumstances, and ordering that notice be provided to the Class; (c) setting a date for the Settlement Hearing; (d)

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - 15 -

1  appointing Gilardi as Claims Administrator; and (e) granting such other and further relief as may be

2  required.

3  DATED:  December 19, 2017                    Respectfully submitted,

4                                               ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
5                                               ELLEN GUSIKOFF STEWART
                                                JONAH H. GOLDSTEIN
6                                               SCOTT H. SAHAM
                                                MATTHEW I. ALPERT
7                                               CARISSA J. DOLAN

8

9                                                      s/ Scott H. Saham
                                                     SCOTT H. SAHAM
10
                                                655 West Broadway, Suite 1900
11                                              San Diego, CA  92101
                                                Telephone:  619/231-1058
12                                              619/231-7423 (fax)

13                                              ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
14                                              SHAWN A. WILLIAMS
                                                JASON C. DAVIS
15                                              Post Montgomery Center
                                                One Montgomery Street, Suite 1800
16                                              San Francisco, CA  94104
                                                Telephone:  415/288-4545
17                                              415/288-4534 (fax)

18                                              Lead Counsel for Plaintiff

19                                              O'DONOGHUE & O'DONOGHUE LLP
                                                LOUIS P. MALONE
20                                              5301 Wisconsin Avenue, N.W., Suite 800
                                                Washington, DC  20015
21                                              Telephone:  202/362-0041
                                                202/362-2640 (fax)
22
23                                              Additional Counsel for Plaintiff

24

25

26

27

28

1338947_1

LEAD PL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM OF PTS & AUTHS IN SUPPORT THEREOF - 3:15-cv-05447-WHA                    - 16 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 19, 2017.

<u>s/ Scott H. Saham</u>
SCOTT H. SAHAM

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ScottS@rgrdlaw.com

# Mailing Information for a Case 3:15-cv-05447-WHA Luna et al v. Marvell Technology Group, Ltd. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,FileRoomSD@rgrdlaw.com

- **Ian Edward Browning**
  ian@altolit.com

- **Alyssa Janiece Clover**
  alyssa.clover@skadden.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Diane M. Doolittle**
  dianedoolittle@quinnemanuel.com,sandramorones@quinnemanuel.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Jonah Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alyssa L Greenberg**
  alygreenberg@quinnemanuel.com

- **Ellen Anne Gusikoff-Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joshua Garrett Hamilton**
  joshua.hamilton@lw.com,shirin.behrooz@lw.com,sandra.sudduth@lw.com,kathryn.bowman@lw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Avi Josefson**
  avi@blbglaw.com

- **Bryan Jacob Ketroser**
  bryan@altolit.com

- **Jason Frank Lake**
  jasonlake@quinnemanuel.com,valerieroddy@quinneemanuel.com,harryolivar@quinnemanuel.com,calendar@quinnemanuel.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com

- **Virginia Faye Milstead**
  virginia.milstead@skadden.com

- **James Hyeoun Ju Moon**
  james.moon@lw.com,james-moon-0323@ecf.pacerpro.com

- **Harry Arthur Olivar , Jr**
  harryolivar@quinnemanuel.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Lesley Frank Portnoy**
  lportnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,bmurray@glancylaw.com

- **Valerie Suzanne Roddy**
  valerieroddy@quinnemanuel.com,calendar@quinnemanuel.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com

- **Jason David Russell**
  jrussell@skadden.com,nandi.berglund@skadden.com,dlmlclac@skadden.com,nandi-berglund-
  4699@ecf.pacerpro.com,ljohnsto@skadden.com,jon.powell@skadden.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,hectorm@rgrdlaw.com

- **Bahram Seyedin-Noor**
  bahram@altolit.com,gabriel@altolit.com,mark@altolit.com,bryan@altolit.com

- **Gerald H. Silk**
  jerry@blbglaw.com

- **Ryan Christopher Stevens**
  ryanstevens@quinnemanuel.com

- **John P. Stigi , III**
  jstigi@sheppardmullin.com,mvanterpool@sheppardmullin.com

- **Curtis Victor Trinko**
  ctrinko@gmail.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)