1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
  JASON C. DAVIS (253370)
3  Post Montgomery Center
  One Montgomery Street, Suite 1800
4  San Francisco, CA  94104
  Telephone:  415/288-4545
5  415/288-4534 (fax)
  shawnw@rgrdlaw.com
6  jdavis@rgrdlaw.com
         – and –
7  ELLEN GUSIKOFF STEWART (144892)
  JONAH H. GOLDSTEIN (193777)
8  SCOTT H. SAHAM (188355)
  MATTHEW I. ALPERT (238024)
9  CARISSA J. DOLAN (303887)
  655 West Broadway, Suite 1900
10  San Diego, CA  92101
  Telephone:  619/231-1058
11  619/231-7423 (fax)
  elleng@rgrdlaw.com
12  jonahg@rgrdlaw.com
  scotts@rgrdlaw.com
13  malpert@rgrdlaw.com
  cdolan@rgrdlaw.com
14
  Lead Counsel for Plaintiff
15
  [Additional counsel appear on signature page.]
16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL LUNA, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:15-cv-05447-WHA |
| Plaintiff, | **(Consolidated)** |
| vs. | <u>CLASS ACTION</u> |
| MARVELL TECHNOLOGY GROUP, LTD., et al., | STIPULATION OF SETTLEMENT |
| Defendants. | |

This Stipulation of Settlement dated December 19, 2017 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Plumbers and Pipefitters National Pension Fund ("Lead Plaintiff" or "Plumbers"), on behalf of itself and each of the Class Members (as defined herein), by and through its counsel of record in the Litigation (as defined herein); and (ii) Defendants Marvell Technology Group, Ltd. ("Marvell" or the "Company") and Sehat Sutardja (collectively, "Defendants"), by and through their respective counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) as against all Released Persons (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.      THE LITIGATION

This is a consolidated securities class action brought against Defendants by Lead Plaintiff individually and on behalf of all persons or entities who purchased or otherwise acquired Marvell common stock from February 19, 2015 through December 7, 2015 (the "Class Period").  The initial complaint in this action was filed on September 11, 2015, in the United States District Court for the Southern District of New York.  On November 18, 2015, the case was transferred to the United States District Court for the Northern District of California (the "Court").  On February 8, 2016, the Court appointed Plumbers as lead plaintiff, and its counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), was appointed lead counsel.  ECF No. 53.

Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws on March 18, 2016.  ECF No. 55.  The complaint alleged violations of §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") by Defendants and former defendants Michael Rashkin and Sukhi Nagesh (the "Former Defendants"), and §20(a) of the Exchange Act by Sutardja and the Former Defendants.  Lead Plaintiff alleged that Defendants and the Former Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding Marvell's business, operations, and prospects, including, among other things, that Marvell reported revenue and earnings during the Class Period that were misleading as a result of undisclosed pull-in sales, and which caused the price of Marvell common stock to be artificially inflated.  Defendants have consistently denied these allegations and any wrongdoing.  Following

1   briefing on Defendants' and the Former Defendants' motions to dismiss and oral argument, the

2   Court, on October 12, 2016, granted the motions to dismiss with leave to amend.  ECF No. 98.

3       Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violations of the

4   Federal Securities Laws (the "Complaint") on November 28, 2016.  ECF No. 104.

5       Defendants and the Former Defendants moved to dismiss the Complaint, which the Court

6   granted in part and denied in part.  ECF No. 138.  More specifically, the Court denied the motions of

7   Marvell and Sutardja, but granted the motions of the Former Defendants.  Thereafter, on May 31,

8   2017, Defendants filed their answers, which denied all claims in the Complaint and asserted certain

9   defenses thereto.  ECF Nos. 144, 145.

10      Thereafter, Lead Plaintiff and Defendants engaged in extensive discovery.  Lead Plaintiff

11   pursued documents from Defendants and third parties, resulting in the production of over two

12   million pages of documents.  The parties also litigated a discovery dispute involving privilege

13   relating to Marvell's Audit Committee Investigation.  Lead Plaintiff deposed 10 current or former

14   Marvell employees and/or accountants, and, at the time this settlement was reached, was preparing

15   for 5 additional fact witness depositions.  The parties had also exchanged extensive written

16   discovery.

17      On August 2, 2017, Lead Plaintiff moved to certify the Class, to appoint Plumbers as class

18   representative, and to appoint Robbins Geller as class counsel.  ECF No. 160.  Briefing on the

19   motion concluded on September 14, 2017, and the Court heard oral argument on October 26, 2017.

20   In connection with class certification, the parties had engaged in significant class discovery,

21   including the depositions of a representative from Plumbers, its economic expert and its investment

22   manager, and preparation and exchange of the reports of experts in market efficiency, damages

23   methodologies, and price impact.  The Court granted the motion for class certification in part on

24   October 27, 2017.  ECF No. 202.

25      On December 12, 2017, the parties engaged in an in-person settlement conference before

26   Magistrate Judge Joseph C. Spero, pursuant to an order of the Court.  ECF No. 155.  The settlement

27   conference was preceded by submission of settlement conference statements and exhibits by each

28   party.  The parties engaged in arm's-length negotiations during the mediation session, and reached

STIPULATION OF SETTLEMENT - 3:15-cv-05447-WHA                                    - 2 -

1  an agreement-in-principle to resolve the Litigation on the terms set forth herein, subject to approval

2  by the Court.

3  **II.     LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT**

4          Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the

5  evidence developed to date supports the claims.  However, Lead Plaintiff and its counsel recognize

6  and acknowledge the expense and length of continued proceedings necessary to prosecute the

7  Litigation against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also

8  have taken into account the uncertain outcome and the risk of any litigation, especially in complex

9  actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Lead

10 Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible

11 defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and its counsel

12 believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class.

13 Based on their evaluation, Lead Plaintiff and its counsel have determined that the settlement set forth

14 in the Stipulation is in the best interests of Lead Plaintiff and the Class.

15 **III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

16         Defendants have denied and continue to deny each and all of the claims alleged by Lead

17 Plaintiff and the Class in the Litigation.  Defendants expressly have denied and continue to deny all

18 charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or

19 omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied

20 and continue to deny, among other allegations, the allegations that the Lead Plaintiff or the Class

21 have suffered any damage, that the price of Marvell common stock was artificially inflated by

22 reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the

23 Class were harmed by the conduct alleged in the Litigation.  Defendants believe that the evidence

24 developed to date supports their position that they acted properly at all times and that the Litigation

25 is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims

26 alleged in the Litigation.

27         Nonetheless, Defendants have concluded that further conduct of the Litigation could be

28 protracted and expensive.  Defendants also have taken into account the uncertainty and risks inherent

in any litigation, especially in complex cases such as this Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties and their Related Parties (as defined below), upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons and entities who purchased or otherwise acquired the common stock of Marvell during the period from February 19, 2015 through December 7, 2015, inclusive, and were damaged thereby.  Excluded from the Class are investors who sold all of their Marvell shares prior to September 11, 2015, and the Defendants, present or former executive officers of Marvell and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions 1(a)(iii) and 1(b)(ii)).  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

1.4    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5    "Class Period" means the period from February 19, 2015 through December 7, 2015, inclusive.

1.6    "Defendants" means Marvell and Sehat Sutardja.

1.7    "Effective Date," or the date upon which this settlement becomes "effective," means the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Account" means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Class.

1.9    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (a) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (b) the time in which to appeal the Judgment has passed without any appeal having been taken; and (c) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's counsel's attorneys' fees and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.13    "Lead Plaintiff" means Plumbers and Pipefitters National Pension Fund.

1.14    "Lead Plaintiff's Counsel" means any counsel who have appeared in the Litigation on behalf of Lead Plaintiff or the Class.

1.15    "Litigation" means the action captioned *Luna v. Marvell Technology Group, Ltd., et al.*, Case No. 3:15-cv-05447-WHA.

1.16    "Marvell" means Marvell Technology Group, Ltd.

1.17    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.18    "Notice" means the Notice of Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.19    "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.20    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

1      1.22   "Preliminary Approval Order" means the Order Preliminarily Approving Settlement

2  and Providing for Notice as approved by the Court, substantially in the form attached hereto as

3  Exhibit A.

4      1.23   "Proof of Claim and Release" means a Proof of Claim and Release, which, subject to

5  approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

6      1.24   "Related Parties" means, as applicable, each of a Defendant's respective present and

7  former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and Defendants'

8  respective present and former employees, members, partners, principals, agents, officers, directors,

9  controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors

10  or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers,

11  reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors,

12  trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, any

13  entity in which a Defendant has a controlling interest, any member of Sutardja's immediate family,

14  and any trust in which Sutardja is the settlor or which is for the benefit of any Defendant and/or

15  member(s) of his family.

16      1.25   "Released Claims" means any and all claims, rights, causes of action, liabilities,

17  actions, suits, damages, or demands (including Unknown Claims as defined in ¶1.33 herein) of any

18  kind whatsoever, that Lead Plaintiff or any other Class Member has that relate in any way to the

19  purchase or acquisition of Marvell common stock by Class Members during the Class Period and

20  either: (a) arise out of or are based upon or related to the facts alleged or the claims or allegations set

21  forth in the Litigation; or (b) relate in any way to any violation of the Exchange Act or any other

22  state, federal or foreign jurisdiction's securities or other laws, any misstatement, omission or

23  disclosure (including in financial statements), or any other alleged wrongdoing or misconduct by the

24  Released Persons.  Notwithstanding the foregoing, "Released Claims" does not include claims

25  relating to the enforcement of the settlement.

26      1.26   "Released Persons" means each and all of the Defendants or Former Defendants and

27  their Related Parties.

28

1.27   "Settlement Amount" means Seventy-Two Million Five Hundred Thousand Dollars ($72,500,000.00) in cash to be paid to the Escrow Agent by wire transfer, check, or as otherwise agreed pursuant to ¶2.1 of this Stipulation.

1.28   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.29   "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved.

1.30   "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Class.

1.31   "Summary Notice" means the Summary Notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.32   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.33   "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the

Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2.      **The Settlement**

   a.      **The Settlement Amount**

2.1      Within twenty (20) business days after the entry of an order granting preliminary settlement approval, Marvell will pay or cause to be paid the Settlement Amount on behalf of Defendants in accordance with the instructions to be provided by the Escrow Agent.  The Settlement Amount may be paid by wire transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement Fund, by any combination of those methods, or in any other manner agreed upon by Lead Plaintiff and Marvell.  Within one (1) day of execution of this Stipulation, Lead Counsel will furnish to Marvell adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and a completed IRS Form W-9 for the Settlement Fund, including an address and tax ID number.

2.2      If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Plaintiff may terminate the settlement but only if (a) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) calendar days after Lead Counsel has provided such written notice.  Failure by Lead Counsel to timely furnish adequate payment instructions to Marvell pursuant to ¶2.1 shall not be a basis for termination under this section and

1  any delay in providing such instructions shall extend the period in which the Settlement Amount will

2  be paid under ¶2.1 by an equivalent number of days.

3    2.3    The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a

4  segregated Escrow Account maintained by the Escrow Agent.

5    2.4    Other than the obligation of Marvell to cause the payment of the Settlement Amount

6  pursuant to ¶2.1, the Released Persons shall have no obligation to make any other payments into the

7  Escrow Account or to any Class Member or Lead Counsel pursuant to this Stipulation.

8                        **b.      The Escrow Agent**

9    2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1

10  hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith

11  & Credit of the United States Government or an Agency thereof, or fully insured by the United

12  States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they

13  mature in similar instruments at their then-current market rates.  All risks related to the investment of

14  the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be

15  borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in,

16  or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or

17  any transactions executed by the Escrow Agent.

18    2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in the

19  Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

20    2.7    Subject to further order(s) and/or directions as may be made by the Court, or as

21  provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

22  consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for,

23  interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction

24  executed by the Escrow Agent.

25    2.8    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

26  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

27  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

28

2.9     The settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim and Release forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶7.8 below.

2.10    Prior to the Effective Date and without further order of the Court, up to $350,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable Notice and Administration Expenses actually incurred.  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

2.11    It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c.     Taxes

2.12    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

1

**d.      Termination of Settlement**

2      2.13      In the event that the Stipulation is not approved or the Stipulation is terminated,

3  canceled, or fails to become effective for any reason, the Settlement Fund (including accrued

4  interest), less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due

5  and owing in connection with the settlement provided for herein, shall be refunded pursuant to

6  written instructions from counsel for Marvell in accordance with ¶7.5 herein.

7      **3.      Preliminary Approval Order and Settlement Hearing**

8      3.1      Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation

9  together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order,

10  substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary

11  approval of the settlement set forth in the Stipulation, and approval for the mailing of the settlement

12  Notice, approval of the form and content of the Proof of Claim and Release, and publication of the

13  Summary Notice, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto.  The

14  Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan

15  of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and

16  the date of the Settlement Hearing.

17      3.2      Lead Counsel shall request that after notice is given, the Court hold the Settlement

18  Hearing and approve the settlement of the Litigation as set forth herein.  At or after the Settlement

19  Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and

20  the Fee and Expense Application.

21      **4.      Releases**

22      4.1      Upon the Effective Date, as defined in ¶1.7 hereof, Lead Plaintiff shall, and each of

23  the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully,

24  finally, and forever released, relinquished, and discharged all Released Claims against the Released

25  Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release,

26  whether or not such Class Member shares in the Settlement Fund, and whether or not such Class

27  Member objects to the settlement.  Claims to enforce the terms of this Stipulation are not released.

28

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, as defined in ¶1.7 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel from all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or the Former Defendants, except for claims relating to the enforcement of the settlement.

**5.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶2.12 hereof;

(c)     to pay attorneys' fees and expenses of Lead Plaintiff's Counsel (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within one hundred and twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Lead Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim and Release submitted.

5.6     Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under such supervision of Lead Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such

STIPULATION OF SETTLEMENT - 3:15-cv-05447-WHA                                          - 15 -

notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.7 below.

5.7    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing or the notice required in ¶5.6 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

5.8    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance below $5,000 which still remains in the Net Settlement Fund shall be donated to Second Harvest Food Bank.

5.9    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Lead Plaintiff, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10    No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or

1    distributions made substantially in accordance with this Stipulation and the settlement contained

2    herein, the Plan of Allocation, or further order(s) of the Court.

3        5.11    It is understood and agreed by the Settling Parties that any proposed Plan of

4    Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

5    Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

6    by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

7    of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

8    Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

9    Judgment approving the Stipulation and the settlement set forth therein.

10       **6.    Lead Plaintiff's Counsel's Attorneys' Fees and Expenses**

11       6.1    Lead Counsel may submit an application or applications (the "Fee and Expense

12   Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus

13   (b) expenses or charges incurred in connection with prosecuting the Litigation; plus (c) any interest on

14   such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement

15   Fund (until paid) as may be awarded by the Court.

16       6.2    Any fees and expenses awarded by the Court shall be paid to Lead Counsel from the

17   Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order

18   awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees among

19   other plaintiff's counsel, if any, in a manner in which it in good faith believes reflects the

20   contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

21       6.3    In the event that the Effective Date does not occur, or the Judgment or the order

22   making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or

23   terminated for any other reason, and such reversal, modification, cancellation, or termination

24   becomes Final and not subject to review, and in the event that the Fee and Expense Award has been

25   paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other

26   Lead Plaintiff's Counsel, including their law firms, partners, and/or shareholders who have received

27   any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice

28   from Marvell's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund

1  such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the

2  same rate as earned on the Settlement Fund in an amount consistent with such reversal or

3  modification.   Any refunds required pursuant to ¶6.3 shall be the several obligation of Lead Counsel,

4  including its partners and/or shareholders, and Lead Plaintiff's Counsel, including their law firms,

5  partners, and/or shareholders that received fees or expenses to make appropriate refunds or

6  repayments to the Settlement Fund.   Each such plaintiff's counsel's law firm receiving fees and

7  expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner

8  and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to

9  the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

10       6.4     The procedure for and the allowance or disallowance by the Court of any applications

11  by any plaintiff's counsel for attorneys' fees and expenses to be paid out of the Settlement Fund, are

12  not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately

13  from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set

14  forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or

15  any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

16  terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the

17  Stipulation and the settlement of the Litigation set forth therein.

18       6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the

19  Settlement Fund.   Defendants and their Related Parties shall have no responsibility for any payment

20  of attorneys' fees and/or expenses to plaintiff's counsel.

21       6.6     Defendants and their Related Parties shall have no responsibility for the allocation

22  among plaintiff's counsel, and/or any other Person who may assert some claim thereto, of any Fee

23  and Expense Award that the Court may make in the Litigation.

24  **7.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

25

26       7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of

27  the following events:

28       (a)     the Settlement Amount has been deposited into the Escrow Account;

1          (b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1

2 hereof;

3          (c)     the Court has entered the Judgment, or a judgment substantially in the form of

4 Exhibit B attached hereto;

5          (d)     Defendants have not exercised their option to terminate the Stipulation

6 pursuant to ¶7.4 hereof; and

7          (e)     the Judgment has become Final, as defined in ¶1.10 hereof.

8      7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in

9 or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

10     7.3     If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be

11 canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for the Defendants

12 mutually agree in writing to proceed with the Stipulation.

13     7.4     If Persons who would otherwise be Members of the Class have timely requested

14 exclusion from the Class in accordance with the Notice, Defendants shall have the option (which

15 option must be exercised collectively) to terminate the settlement in the event that Class Members

16 representing more than a certain percentage of Marvell common stock subject to this settlement

17 exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental

18 Agreement") executed between the Lead Plaintiff and Defendants, by and through their counsel.

19 The Supplemental Agreement will not be filed with the Court unless a dispute arises as to its terms,

20 or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed

21 unless ordered by the Court.  If the Court requires that the Supplemental Agreement be filed, the

22 parties shall request that it be filed under seal or redacted.

23     7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or

24 be canceled, or shall not become effective for any reason, within five (5) business days after written

25 notification of such event is sent by counsel for any Defendant or Lead Counsel to the Escrow

26 Agent, the Settlement Fund (including accrued interest), less expenses which have either been

27 disbursed pursuant to ¶¶2.10 and 2.12 hereof, or are chargeable to the Settlement Fund pursuant to

28 ¶¶2.10 and 2.12 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from

1  Marvell's counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the

2  Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in

3  connection with such application(s) for refund, pursuant to written instructions from Marvell's

4  counsel.

5         7.6      In the event that the Stipulation is not approved by the Court or the settlement set

6  forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

7  Settling Parties shall be restored to their respective positions in the Litigation as of December 12,

8  2017.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.33,

9  2.10-2.13, 6.3, 7.5-7.7, 8.3, and 8.5 hereof, shall be null and void, have no further force and effect,

10 and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment

11 or order entered by the Court in accordance with the terms of the Stipulation shall be treated as

12 vacated, *nunc pro tunc*, and shall not be used in this Litigation or in any other proceeding for any

13 purpose.  No order of the Court or modification or reversal on appeal of any order of the Court

14 concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest

15 awarded by the Court to any of plaintiff's counsel shall operate to terminate or cancel this

16 Stipulation or constitute grounds for cancellation or termination of the Stipulation.

17        7.7      If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

18 terms, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts

19 disbursed pursuant to ¶¶2.10 or 2.12.  In addition, any expenses already incurred pursuant to ¶¶2.10

20 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be

21 paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being

22 refunded in accordance with ¶¶2.13 and 7.5 hereof.

23        7.8      Marvell warrants and represents that it is not "insolvent" within the meaning of 11

24 U.S.C. §101(32) as of the time the Stipulation is executed and will not be as of the time the

25 payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation.

26 This representation is made by Marvell and not by Marvell's counsel.  In the event of a final order of

27 a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of

28 the Settlement Amount to the Settlement Fund, or any portion thereof, by Marvell to be a voidable

1  preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United

2  States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded,

3  then the Settling Parties shall jointly move the Court to vacate and set aside the release given and the

4  Judgment entered in favor of the Defendants, the Settling Parties shall be restored to their litigation

5  positions as of December 12, 2017, and the Settlement Fund shall be promptly returned.

6  **8.    Miscellaneous Provisions**

7  8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this

8  Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

9  implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish

10  the foregoing terms and conditions of the Stipulation.

11  8.2    The Settling Parties intend this settlement to be a final and complete resolution of all

12  disputes between them with respect to the Litigation.  The settlement resolves claims which are

13  contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or

14  defense.  The Settling Parties agree that, and the Final Judgment will contain a finding that, during

15  the course of the Litigation, the parties and their respective counsel at all times complied with the

16  requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement

17  Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties,

18  and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

19  The Settling Parties further agree that the parties and their counsel acted in good faith with respect to

20  the Litigation and will not assert otherwise.  Notwithstanding the foregoing, the Settling Parties

21  reserve their right to rebut, in a manner that such party determines to be appropriate, any contention

22  made in any public forum regarding the Litigation, including that the Litigation was brought or

23  defended in bad faith or without a reasonable basis.

24  8.3    Neither this Stipulation nor the settlement contained herein, nor any act performed or

25  document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

26  deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

27  the truth of any of the allegations in the Litigation of any wrongdoing, fault, or liability of the

28  Defendants or their respective Related Parties, or that Lead Plaintiff or any Class Members have

suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

8.4    The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.9    Lead Counsel, on behalf of the Class, is expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11    The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of

1    executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail
2    shall be deemed originals.

3       8.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and
4    assigns of the parties hereto.

5       8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of
6    the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for
7    purposes of implementing and enforcing the settlement embodied in the Stipulation and matters
8    related to the settlement.

9       8.14    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in
10    this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from
11    prosecuting any of the Released Claims against any of the Released Persons.

12       8.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,
13    executed and delivered, and to be wholly performed, in the State of California, and the rights and
14    obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and
15    governed by, the internal, substantive laws of the State of California without giving effect to that
16    State's choice-of-law principles.

17       IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by
18    their duly authorized attorneys, dated December 19, 2017.

19
                     ROBBINS GELLER RUDMAN
                       & DOWD LLP
20                      ELLEN GUSIKOFF STEWART
                     JONAH H. GOLDSTEIN
21                      SCOTT H. SAHAM
                     MATTHEW I. ALPERT
22                      CARISSA J. DOLAN

23

24
                       SCOTT H. SAHAM
25

26                      655 West Broadway, Suite 1900
                     San Diego, CA 92101
                     Telephone: 619/231-1058
27                      619/231-7423 (fax)

28

1

2        ROBBINS GELLER RUDMAN
        & DOWD LLP
      SHAWN A. WILLIAMS

3        JASON C. DAVIS
      Post Montgomery Center

4        One Montgomery Street, Suite 1800
      San Francisco, CA 94104

5        Telephone: 415/288-4545
      415/288-4534 (fax)

6

7        Lead Counsel for Plaintiff

8        O'DONOGHUE & O'DONOGHUE LLP
      LOUIS P. MALONE

9        5301 Wisconsin Avenue, N.W., Suite 800
      Washington, DC 20015

10       Telephone: 202/362-0041
     202/362-2640 (fax)

11

12       Additional Counsel for Plaintiff

     QUINN, EMANUEL, URQUHART &
13         SULLIVAN, LLP
     HARRY A. OLIVAR, JR.

14       VALERIE RODDY
     ALYSSA L. GREENBERG

15

16

17              HARRY A. OLIVAR, JR.

18       865 South Figueroa Street, 10th Floor
     Los Angeles, CA 90017-2543

19       Telephone: 213/443-3000
     213/443-3100 (fax)

20
     QUINN, EMANUEL, URQUHART &
21         SULLIVAN, LLP
     DIANE M. DOOLITTLE

22       555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, CA 94065

23       Telephone: 650/801-5000
     650/801-5100 (fax)

24
     Attorneys for Marvell Technology Group, Ltd.
25

26

27

28

1    SKADDEN ARPS, SLATE, MEAGHER
    & FLOM, LLP

2    JASON D. RUSSELL
    VIRGINIA F. MILSTEAD

1

2

3

4       *Jason D. Russell / VFM*

5          JASON D. RUSSELL

6       300 South Grand Avenue, Suite 3400
        Los Angeles, CA  90071

7       Telephone:  213/687-5328
        213/621-5328 (fax)

8       Attorneys for Defendant Sehat Sutardja

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

       I hereby certify that on December 19, 2017, I authorized the electronic filing of the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6

CM/ECF participants indicated on the attached Manual Notice List.

7

       I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on December 19, 2017.

9

                              s/ Scott H. Saham
SCOTT H. SAHAM

10

11

ROBBINS GELLER RUDMAN
     & DOWD LLP
655 West Broadway, Suite 1900

12

San Diego, CA  92101-8498
Telephone:  619/231-1058

13

619/231-7423 (fax)

14

E-mail:  ScottS@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:15-cv-05447-WHA Luna et al v. Marvell Technology Group, Ltd. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,FileRoomSD@rgrdlaw.com

- **Ian Edward Browning**
  ian@altolit.com

- **Alyssa Janiece Clover**
  alyssa.clover@skadden.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Diane M. Doolittle**
  dianedoolittle@quinnemanuel.com,sandramorones@quinnemanuel.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Jonah Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alyssa L Greenberg**
  alygreenberg@quinnemanuel.com

- **Ellen Anne Gusikoff-Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joshua Garrett Hamilton**
  joshua.hamilton@lw.com,shirin.behrooz@lw.com,sandra.sudduth@lw.com,kathryn.bowman@lw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Avi Josefson**
  avi@blbglaw.com

- **Bryan Jacob Ketroser**
  bryan@altolit.com

- **Jason Frank Lake**
  jasonlake@quinnemanuel.com,valerieroddy@quinneemanuel.com,harryolivar@quinnemanuel.com,calendar@quinnemanuel.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com

- **Virginia Faye Milstead**
  virginia.milstead@skadden.com

- **James Hyeoun Ju Moon**
  james.moon@lw.com,james-moon-0323@ecf.pacerpro.com

- **Harry Arthur Olivar , Jr**
  harryolivar@quinnemanuel.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Lesley Frank Portnoy**
  lportnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,bmurray@glancylaw.com

- **Valerie Suzanne Roddy**
  valerieroddy@quinnemanuel.com,calendar@quinnemanuel.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com

- **Jason David Russell**
  jrussell@skadden.com,nandi.berglund@skadden.com,dlmlclac@skadden.com,nandi-berglund-4699@ecf.pacerpro.com,ljohnsto@skadden.com,jon.powell@skadden.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,hectorm@rgrdlaw.com

- **Bahram Seyedin-Noor**
  bahram@altolit.com,gabriel@altolit.com,mark@altolit.com,bryan@altolit.com

- **Gerald H. Silk**
  jerry@blbglaw.com

- **Ryan Christopher Stevens**
  ryanstevens@quinnemanuel.com

- **John P. Stigi , III**
  jstigi@sheppardmullin.com,mvanterpool@sheppardmullin.com

- **Curtis Victor Trinko**
  ctrinko@gmail.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)