UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL LUNA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MARVELL TECHNOLOGY GROUP, LTD., et al.,<br><br>    Defendants. | Case No. 3:15-cv-05447-WHA<br><br>**(Consolidated)**<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

1337970_2

WHEREAS, an action is pending before this Court entitled *Luna v. Marvell Technology Group, Ltd.*, Case No. 3:15-cv-05447-WHA (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated December 19, 2017 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on __4/17/18__, 2018, at __9AM__ [a date that is at least 100 calendar days from the date of this Order], at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice,

substantially in the manner and form set forth in ¶¶5-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

5. Not later than _Jan 5_____, 2018 [ten (10) business days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, including those Class Members who received the Notice of Pendency of Class Action, and shall post the Notice and Proof of Claim and Release on its website at www.MarvellSecuritiesClassAction.com.

6. Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

7. At least fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased or otherwise acquired Marvell common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim and Release to all such beneficial owners of Marvell common stock within ten (10) business days after receipt thereof, or, if they have not already done so, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which

1  expenses would not have been incurred except for the sending of such notice, subject to further order
2  of this Court with respect to any dispute concerning such compensation.

3      9.    All Members of the Class shall be bound by all determinations and judgments in the
4  Litigation concerning the settlement, whether favorable or unfavorable to the Class.

5      10.    Class Members who wish to participate in the settlement shall complete and submit a
6  Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court
7  orders otherwise, all Proof of Claim and Release forms must be postmarked or submitted
8  electronically no later than one hundred and twenty (120) calendar days from the Notice Date. Any
9  Class Member who does not timely submit a Proof of Claim and Release within the time provided
10 for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless
11 otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion,
12 accept late-submitted claims for processing by the Claims Administrator so long as distribution of
13 the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

14     11.    Class Members shall be bound by all determinations and judgments in this Litigation,
15 whether favorable or unfavorable, unless they request exclusion from the Class in a timely and
16 proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail a
17 request for exclusion in written form by First-Class Mail such that it is received, not simply
18 postmarked, on or before __3/27__, 2018 [twenty-one (21) calendar days prior to the Settlement
19 Hearing], by the Claims Administrator at the address designated in the Notice. Such request for
20 exclusion must state the name, address, and telephone number of the Person seeking exclusion, must
21 state that the sender requests to be "excluded from the Class and does not wish to participate in the
22 settlement in *Luna v. Marvell Technology Group, Ltd.*, No. 3:15-cv-05447-WHA (N.D. Cal.)," and
23 must be signed by such Person. Such Persons requesting exclusion must also state the information
24 requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of
25 all purchases and acquisitions and/or sales of Marvell common stock during the period from
26 February 19, 2015 through December 7, 2015, inclusive. The request for exclusion shall not be
27 effective unless it provides the required information and is made within the time stated above, or the
28 exclusion is otherwise accepted by the Court. Class Members who make an effective request for

1  exclusion from the Class shall not be bound by the settlement and shall not be entitled to receive any
2  payment out of the Net Settlement Fund as described in the Stipulation and Notice.

3      12.   Any Member of the Class may enter an appearance in the Litigation, at their own
4  expense, individually or through counsel of their own choice. If they do not enter an appearance,
5  they will be represented by Lead Counsel.

6      13.   Any Member of the Class may appear and show cause why the proposed settlement
7  of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment
8  should or should not be entered thereon, why the Plan of Allocation should or should not be
9  approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Lead
10 Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to
11 contest such matters, unless that Person has submitted said objections, papers, and briefs to the Court
12 either by mailing them to the Class Action Clerk, United States District Court for the Northern
13 District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102,
14 or by filing them in person at any location of the United States District Court for the Northern
15 District of California or electronically by ECF on the docket for this case. Such objections, papers,
16 and briefs must be received or filed, not simply postmarked, on or before 3/27, 2018 [twenty-
17 one (21) calendar days prior to the Settlement Hearing]. Any Member of the Class who does not
18 make his, her or its objection in the manner and time provided for in the Notice shall be deemed to
19 have waived such objection and shall forever be foreclosed from making any objection to the
20 fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of
21 Allocation, or to the award of attorneys' fees and expenses to counsel for the Lead Plaintiff, unless
22 otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary, however,
23 persons wishing to be heard orally in opposition to approval of the settlement, the Plan of Allocation,
24 and/or the application for an award of attorneys' fees and expenses are required to indicate in their
25 written objection their intention to appear at the hearing. Persons who intend to object to the
26 settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and
27 expenses and desire to present evidence at the Settlement Hearing must include in their written
28 objections the identity of any witnesses they may call to testify and copies of any exhibits they

intend to introduce into evidence at the Settlement Hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a notice of appearance with the Court and effect service on the parties to the Litigation on or before 3/27, 2018 [twenty-one (21) calendar days prior to the Settlement Hearing].

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees and expenses shall be filed and served by 2/27, 2018 [thirty-five (35) calendar days prior to the Settlement Hearing]. Replies to any objections shall be filed and served by 4/17, 2018 [fourteen (14) calendar days prior to the Settlement Hearing].

16. Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

19. Neither the Stipulation, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation, of any wrongdoing, fault, or liability of the

Defendants or their respective Related Parties, or that the Lead Plaintiff or any Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of December 12, 2017. In such event, the terms and provisions of the Stipulation, except as set forth in the Stipulation, shall be null and void, have no further force and effect, and shall not be used in the Litigation or in any other proceeding for any purpose, and this Order, in accordance with the terms of the Stipulation, shall be treated as vacated, *nunc pro tunc*, and shall not be used in this Litigation or in any other proceeding for any purpose.

22. Pending final determination of whether the proposed settlement should be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

23.   Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Litigation, except the Settlement Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

IT IS SO ORDERED.

DATED: 12/21/17

_____
THE HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE