UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL LUNA, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>          vs.<br><br>MARVELL TECHNOLOGY GROUP, LTD., et al.,<br><br>                          Defendants. | Case No. 3:15-cv-05447-WHA<br><br>**(Consolidated)**<br><br>CLASS ACTION<br><br>[PROPOSED] JUDGMENT |

1410358_1

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated December 21, 2017, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated December 19, 2017 (the "Stipulation"). Full and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court finds that the distribution of the Notice, Proof of Claim and Release, and Summary Notice complied with the terms of the Stipulation and the Order, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

4. There have been no objections to the settlement.

5. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

1     (c)     the Stipulation was the product of informed, arm's-length negotiations among

2     competent, able counsel; and

3     (d)     the record is sufficiently developed and complete to have enabled the Lead

4     Plaintiff and the Defendants to have adequately evaluated and considered their positions.

5     Accordingly, the Court authorizes and directs implementation and performance of all the

6     terms and provisions of the Stipulation, as well as the terms and provisions hereof.

7     6.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached

8     hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims

9     contained therein, including the Released Claims, are dismissed with prejudice as to Lead Plaintiff,

10    and all other Class Members, and as against the Released Persons.  The Settling Parties are to bear

11    their own fees and costs except as otherwise provided in the Stipulation or this Order, or any

12    separate order with respect to the application for an award of attorneys' fees or expenses pursuant to

13    the Stipulation.

14    7.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and

15    each of the Class Members shall be deemed to have, and by operation of this Judgment shall have,

16    fully, finally, and forever released, relinquished, and discharged any and all Released Claims

17    (including Unknown Claims) against the Released Persons, whether or not such Class Member

18    executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund.  Claims

19    to enforce the terms of the Stipulation are not released.

20    8.     Lead Plaintiff and all Class Members are hereby forever barred and enjoined from

21    prosecuting any of the Released Claims against any of the Released Persons.

22    9.     Upon the Effective Date, and as provided in the Stipulation, each of the Released

23    Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and

24    forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and

25    Lead Plaintiff's Counsel from all claims and causes of action of every nature and description

26    (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise

27    out of or relate in any way to the institution, prosecution, or settlement of the claims against

28

1   Defendants or the Former Defendants, except for claims relating to the enforcement of the

2   settlement.

3        10.   Each Member of the Class, whether or not such Member of the Class executes and

4   delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the

5   release of claims as set forth in the Stipulation.

6        11.   All Persons and entities whose names appear on Exhibit 1 hereto are hereby excluded

7   from the Class, are not bound by this Judgment, and may not make any claim with respect to or

8   receive any benefit from the settlement.

9        12.   Neither the Stipulation nor the settlement contained therein, nor any act performed or

10  document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

11  deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

12  the truth of any of the allegations in the Litigation, of any wrongdoing, fault, or liability of the

13  Defendants or their respective Related Parties, or that Lead Plaintiff or any Class Members have

14  suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an

15  admission of, or evidence of, any fault or omission of any of the Defendants or their respective

16  Related Parties in any civil, criminal, or administrative proceeding in any court, administrative

17  agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the

18  Stipulation and/or this Judgment from this action in any other action that may be brought against

19  them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

20  estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion

21  or issue preclusion or similar defense or counterclaim.

22       13.   Any Plan of Allocation submitted by Lead Counsel or any order entered regarding

23  any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall

24  be considered separate from this Judgment.  Defendants have no responsibility with respect to the

25  Plan of Allocation.

26       14.   Without affecting the finality of this Judgment in any way, this Court hereby retains

27  continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of

28  the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

1   (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation;

2   and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

3          15.    The Court finds that during the course of the Litigation, the Settling Parties and their

4   respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

5   11.

6          16.    In the event that the settlement does not become effective in accordance with the

7   terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered

8   null and void to the extent provided by and in accordance with the Stipulation and shall be vacated

9   and, in such event, all orders entered and releases delivered in connection herewith shall be null and

10  void to the extent provided by and in accordance with the Stipulation.

11         17.    Without further order of the Court, the Settling Parties may agree to reasonable

12  extensions of time to carry out any of the provisions of the Stipulation.

13         18.    The provisions of this Judgment constitute a full and complete adjudication of the

14  matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by

15  the Clerk of the Court.

16         IT IS SO ORDERED.

17  DATED: April 20, 2018.



18                                                          M ALSUP

                                                          JUDGE

# EXHIBIT 1





# Exclusion Cover Page

**Case Name:** Luna v Marvell Technology Group

**Case Code:** MLU

**Exclusion Deadline:** March 27, 2018 (Received Date)

**Name of Person Filing Exclusion:** Michael Spaur

To: Marvell Technology Litigation Claims Adjuster (Exclusions)
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael CA 94901

From: Michael Spaur



Email:
Phone:

Marvell Technology Litigation Claims Adjuster,

Please exclude me from this class action. I do not wish to participate in the settlement of Daniel Luna vs. Marvell Technology Group, LDT.

Here are the Dates, Quantities, and Prices per share of Marvell Stock that I acquired from February 19, 2015 to December 7, 2015.

```
    Date       Price/share     shares acquired
------------------------------------------------
04/30/2015      0.00           1,200 (grant)
04/30/2015      $9.94           -524 (sold)
06/05/2015      $12.07          150
12/07/2015      $7.73           240
```

Please contact me by telephone or email if any other information is needed.

Thank you.

Michael Spaur



Michael Spour

SANTA ANA
CA 926
25 JAN '18
PM 3 L

A0497 12 8904032 2

FOREVER

Marvell Technology Litigation Claims Adjuster
(Exclusions)
c/o Gilardi; Co. LLC
3301 Kerner Blvd.
San Rafael CA 94901

94901-489625

RECEIVED **GE**

JAN 2 9 2018

CLAIMS CENTER

MARV1



# Exclusion Cover Page

**Case Name: Luna v Marvell Technology Group**

**Case Code: MLU**

**Exclusion Deadline: March 27, 2018 (Received Date)**

**Name of Person Filing Exclusion: Andres Meier**

RECEIVED **GE**

FEB 0 2 2018

CLAIMS CENTER

**Andres Meier**

Tel.: ████████████, email: ████████████

Einschreiben / registered mail

Luna v. Marvell Technology Group, Ltd., et al.
EXCLUSIONS
c/o Gilardi & Co. LLC
3301 Kerner Blvd
San Rafael, CA 94901
USA


Duebendorf, 04. January 2018


**Exclusion from Class action**


Dear Sir or Madam

I hereby request exclusion from the Class in the Luna v. Marvell Technology Group, Ltd. Litigation

My name and address:



I purchased 1000 Marvell shares during the Class Period


Yours sincerely,

Andres Meier



Andres Meier



05.01.18 17:02
CH - 8304
Wallisellen
P.P. Postage Paid

8490

CHF          8.00
**PRIORITY**

Stand 2
0.013 kg

**SWISS POST**

**R**

Recommandé



**RC 859 784 906 CH**

Please scan - Signature required

Veuillez scanner - Remise contre Signature



RECEIVED **GE**

FEB 0 2 2018

CLAIMS CENTER

MLLI





RECEIVED

FEB 2 9 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: Luna v Marvell Technology Group Ltd.

Case Code:  MLU

Exclusion Deadline: *March 27, 2018  ( Received Date)*

Name of Person Filing Exclusion:  Terry J Adamson

Terry J. Adamson



February 14, 2018

Marvell Technology Litigation
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co.LLC
3301 Kerner Blvd.
San Rafael, CA 94901

Dear Marvell Technology Litigation,

I wish to be excluded from the Class and do not wish to participate in the settlement in Luna v. Marvell Technology Group, Ltd., No. 3:15-cv-05447-WHA (N.D. Cal).

**Symbol - MRVL**

**CUISP - G5876H105**

**Date of Purchase** – 03/30/2015

Share Price – 15.1472

Number of Shares – 344

**Date of Sale** – 07/14/2015

Share Price – 13.071701

Number of Shares 344

Sincerely,

Terry J Adamson

Terry J Adamson

**Terry Adamson**

NORTH HOUSTON TX 773

14 FEB 2018 PM2 L

RECEIVED GE

FEB 2 9 2018

CLAIMS CENTER

Marvell Technology Litigation
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co.LLC
3301 Kerner Blvd.
San Rafael, CA 94901

94901-469625

M L U



*MLU-EXCL00004*

RECEIVED

FEB 2 0 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: Luna v Marvell Technology Group Ltd.

Case Code:  MLU

Exclusion Deadline: *March 27, 2018* ( *Received Date)*

Name of Person Filing Exclusion:  Gayle A Adamson

Gayle A. Adamson



February 14, 2018

Marvell Technology Litigation
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co.LLC
3301 Kerner Blvd.
San Rafael, CA 94901

Dear Marvell Technology Litigation,

I wish to be excluded from the Class and do not wish to participate in the settlement in Luna v. Marvell Technology Group, Ltd., No. 3:15-cv-05447-WHA (N.D. Cal).

**Symbol - MRVL**

**CUISP - G5876H105**

**Date of Purchase** – 02/20/2015

Share Price – 16.2472

Number of Shares – 149

**Date of Sale** – 07/14/2015

Share Price – 13.071701

Number of Shares 149

Sincerely,

*Gayle A. Adamson*

Gayle A Adamson



**Gayle Adamson**

NORTH HOUSTON TX 77~

14 FEB 2018 PM 4 L

RECEIVED GE

FEB 2 1 2018

CLAIMS CENTER

**Marvell Technology Litigation**
**Claims Administrator**
**EXCLUSIONS**
**c/o Gilardi & Co.LLC**
**3301 Kerner Blvd.**
**San Rafael, CA 94901**

94901-469625

MLu